**Jose Ramon MENDOZA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00147–CR.**

Court of Appeals of Texas,
El Paso.

March 16, 1983.

Jorge Herrera, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a conviction based upon a plea of guilty to a charge of second-degree felony theft, enhanced to first-degree status. The court assessed punishment at twelve years imprisonment. We affirm.

Appellant's sole ground of error alleges inadequate pre-plea admonishment by the trial judge. Not only does the record demonstrate full compliance with Article 26.13 of the Code of Criminal Procedure, but it is difficult to imagine a brief containing more inaccurate statements concerning such a short statement of facts. Appellant's brief states:

> [T]he record is void of any, if any, admonishment as to the recommendation of the prosecuting attorney as to punishment not binding on the court. There is nothing in the record inquiring as to any plea bargaining agreements between the state and the defendant, whether the defendant is mentally competent, and whether the plea is free and voluntary.... The trial court went on to admonish the defendant as to the offense of delivery of marijuana incorrectly stating that the offense was a felony of the third degree which in reality is a class A misdemeanor, but nowhere on the record does it indicate that the court admonish [sic] properly on the theft charge.

The non-binding effect of any punishment recommendation appears at page five of the transcript. The inquiry as to the absence of any plea bargain appears on pages five and six. The court's inquiry as to Appellant's competency is shown on pages six and seven. The Appellant's affirmation that his plea was freely and voluntarily made was elicited on page seven. *Richards v. State,* 562 S.W.2d 456 (Tex.Cr. App.1978). The offense of delivery of marihuana for remuneration (the subject of another indictment to which Appellant pled) was at the time a third degree felony as admonished by the court. It has never been a class A misdemeanor as suggested by Appellate counsel. The punishment range for the theft offense, enhanced to first-degree status, was delivered by the court at pages four and five.

The ease with which Appellate counsel's misstatements are corrected by the record does not lessen our displeasure with such a brief. We note that Appellant was represented by different counsel at the plea.

The record demonstrates that this was not a negotiated plea as suggested by the Appellant. No recommendation was made by the State. A pre-plea recommendation made by the probation department, absent joinder by the prosecuting authority, does not constitute a plea bargain under Article 26.13. The admonishment given by the court was adequate in light of the nature of this plea.

The remainder of Appellant's brief asserts his lack of understanding and his unfulfilled expectations of greater leniency. Such assertions are nowhere supported in

the record. Ground of Error No. One is overruled.

The judgment is affirmed.