**Pearl Stivers LANUM, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–96–00944–CR, 04–96–00962–CR.**

Court of Appeals of Texas,
San Antonio.

July 16, 1997.

**38**

Albert D. Pattillo, III, Kerrville, for appellant.

E. Bruce Curry, District Attorney, Kerrville, for appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

DUNCAN, Justice.

Pearl S. Lanum, II appeals the trial court's orders revoking his probation. Lanum contends he is entitled to a new trial because the trial court erred in sentencing him to two terms of years that are less than his original sentences but contravene his probation officer's recommendation—a recommendation Lanum attributes to the State—without first affording him an opportunity to withdraw his pleas of "true." Lanum also argues his counsel at the revocation hearing was ineffective. We reject both complaints and affirm the trial court's orders.

### PROCEDURAL BACKGROUND

In 1993, Lanum was charged with and convicted of aggravated assault and unlawfully carrying a weapon on a licensed premises in Cause Nos. 2703–92 and 2704–92, respectively. The trial court accepted Lanum's guilty pleas and sentenced him to ten years confinement, probated, and a $500 fine. Subsequently, in 1996, the State filed motions to revoke in both cases, alleging Lanum had violated most of the terms of his probation.

At the hearing on the State's motion in Cause No. 2703–92, after Lanum pled "true" to each of the alleged violations, the State called David Havis, Lanum's probation officer, to testify. Havis recommended Lanum be continued on probation and sent to the Substance Abuse Felony Punishment Facility for one year. Obviously "curious" about Havis' recommendation, the visiting trial judge began questioning Havis and the State:

The Court: Just a minute, I assume what you're saying is the agreement is that he will not revoke, that we will change the terms—

District Attorney: No, sir.

The Court: —to include it?

District Attorney: State is not agreeing to that. I'm simply putting on—

The Court: Okay. That's his recommendation, but not the State's?

District Attorney: In fact, the State, Your Honor, as a policy, as I mentioned earlier, on second revocation, we do not make agreements to continue.

The Court: But the probation department does recommend that. Is that what you're saying?

Havis: Yes, that's what I'm recommending at this time.

. . . .

The Court: Do the attorneys have an agreement on what they're going to do in this case?

Defense Counsel: No. May I make a statement to the Court, Your Honor?

The Court: Yes, sir.

Defense Counsel: If I understand correctly, it's the District Attorney's position on a second motion to revoke that they will not make a recommendation, that they let the Court decide. The probation officer's recommendation is that he do nine months to a year in the felony substance abuse program. I understand that that time doesn't even count—is that right, Mr. Havis—on—

. . . .

The Court: What's the State's recommendation?

District Attorney: Counsel pretty well stated [it]. We, on the second revocation case do not recommend continuance, but leave it to the Court. In this particular case, in return for a plea of true, we are not making a recommendation, per se. I did want the Court to hear the probation officer. We are not specifically recommending a continuance by agreement because it is a second revocation.

The Court: All right. I'll take that case under advisement.

Lanum then pled "true" to the State's allegations in Cause No. 2704–92, and the trial court and both attorneys agreed Havis' testimony was admitted for both cases.

At no point during the revocation hearing did the trial judge state he would reject Havis' recommendation or indicate Lanum could withdraw his pleas of "true." But at the conclusion of the hearing, the trial judge revoked Lanum's probation and sentenced him to seven years in each case—substantially less than Lanum's original sentences but substantially greater than Havis' recommendation. In response, Lanum simply said "Okay." Shortly thereafter, following the appointment of new appellate counsel, Lanum filed motions for new trial alleging that, "although [the visiting trial judge's] ruling was legal it was unexpected, unfair, and unjust given the surrounding circumstances."

### VOLUNTARINESS

In his first point of error, Lanum asks that we reverse the trial court's revocation orders, permit him to withdraw his pleas of "true," and remand the cases for new trials because the trial court rejected the punishment recommended by Havis without affording Lanum an opportunity to withdraw his pleas of "true." We decline to do so for several reasons.

### Standard of Review

An order revoking probation is subject to an abuse of discretion standard of review. *Lloyd v. State*, 574 S.W.2d 159, 160 (Tex.Crim.App. [Panel Op.] 1978). The trial court does not abuse its discretion unless it "applie[s] an erroneous legal standard, or when no reasonable view of the record could support [its] conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion." *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex.Crim.App. 1996).

### Applicability of Article 26.13(a)(2)

In the context of pleas of guilty and nolo contendere, article 26.13(a)(2) of the Texas Code of Criminal Procedure requires a trial court to "inform the defendant whether it will follow or reject [the plea agreement] in open court" and, if the trial court rejects the agreement, to permit the defendant to withdraw his plea. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon 1989). If a defendant is able to demonstrate the trial court failed to admonish him in substantial compliance with article 26.13 and the error was harmful, the judgment must be reversed and the case remanded to the trial court for a new trial. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997). However, Lanum does not challenge an act or omission by the trial court in accepting his 1993 guilty pleas. He instead argues the trial court erred at the revocation hearing in 1996. But Lanum has not cited, and we have not found, a single case applying the rule upon which he relies in the context of a plea of "true" to a motion to revoke probation following conviction. Indeed, the Texas Court of Criminal Appeals has expressly held article 26.13 does *not* apply in this context. *Harris v. State*, 505 S.W.2d 576, 578 (Tex.Crim.App.1974).

### Waiver

As a general rule, "to preserve a complaint for appellate review, a party must . . . present[ ] to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desire[s] the court to make if the specific grounds [are] not apparent from the context" and obtain a ruling. TEX.R.APP. P. 52(a). In this case, Lanum failed to voice the complaint he now makes at the revocation hearing, in his motion for new trial, or at any other point in the

trial court proceedings. *Cf. State v. Evans,* 843 S.W.2d 576, 577 (Tex.Crim.App.1992) (motion to withdraw "should more aptly have been called a motion for new trial"); *Nunez v. State,* 565 S.W.2d 536, 537 (Tex.Crim.App. 1978) (defendant urged motion to withdraw guilty plea at revocation hearing and later in motion for new trial); *Papillion v. State,* 908 S.W.2d 621, 623 (Tex.App.—Beaumont 1995, no pet.) (request to withdraw plea of "true" timely when first urged in motion for new trial). It thus appears Lanum waived his first point of error by failing to request an opportunity to withdraw his pleas either during the revocation hearing or in his motion for new trial.

### Rejection of Plea Agreement

Even if Lanum has preserved his complaint, however, we disagree with his contention that the trial court rejected a plea bargain agreement between Lanum and the State. As the colloquy quoted above makes clear, the State made *no* recommendation as to punishment; the only punishment recommendation made was by Havis, Lanum's probation officer, and he had no authority to bind the State. *See Nunez v. State,* 565 S.W.2d at 537 (probation officer's recommendation that defendant receive maximum sentence did not violate State's agreement to make no punishment recommendation); *Mendoza v. State,* 649 S.W.2d 126, 127 (Tex. App.—El Paso 1983, no pet.) (same). Accordingly, there was no plea bargain for the trial court to reject. Lanum's first point of error is therefore overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second point of error, Lanum contends his attorney at the revocation hearing was ineffective because he advised Lanum to proceed to a hearing with a visiting judge, he failed to call witnesses to testify on Lanum's behalf, and he "consented and agreed with the State's scheme to proceed to the revocation hearing with this 'no agreement, *per se.*'" We reject each of Lanum's contentions.

### Standard of Review

When a defendant claims error during the punishment phase of a trial on a non-capital offense, he bears the burden of establishing ineffective assistance of counsel by a preponderance of the evidence. *Ybarra v. State,* 890 S.W.2d 98, 112 (Tex.App.—San Antonio 1994, pet. ref'd). The test is whether the defendant's trial attorney was reasonably likely to render, and rendered, effective assistance. *Id.* In applying this standard, we do not scrutinize "isolated acts or omissions" or "trial strategy" with the benefit of hindsight; nor do we measure the defendant's trial attorney against a standard of perfection. *Id.* Rather, we look at the "totality of the representation" at the time of trial. *Id.* In short, allegations of ineffective assistance "will be sustained only if they are firmly founded." *Id.*

### Discussion

There is no evidence in this record indicating Lanum's trial attorney rendered ineffective assistance. Whether to object to a visiting judge is plainly a matter of trial strategy, and the failure to call witnesses is irrelevant when the defendant fails to show there are witnesses who will testify on his behalf, and these witnesses are available. *King v. State,* 649 S.W.2d 42, 44 (Tex. Crim.App.1983). Likewise without merit is Lanum's allegation that his trial attorney was ineffective because he proceeded with the revocation hearing even though the State made no recommendation "per se" regarding punishment. Undoubtedly, Lanum was better off with the State making no recommendation than he would have been if the State had recommended punishment in excess of Havis' recommendation or if it had affirmatively opposed Havis' recommendation. *See Carter v. State,* 608 S.W.2d 691, 692 (Tex. Crim.App. [Panel Op.] 1980) (prosecutor's agreement to make no punishment recommendation did not preclude his opposing probation); *Bass v. State,* 576 S.W.2d 400, 402 n. 1 (Tex.Crim.App. [Panel Op.] 1979) (same). Lanum's second point of error is therefore overruled.

## CONCLUSION

If Lanum preserved his first point of error, he nonetheless fails to demonstrate the trial court abused its discretion by sentencing him to two terms of years that are less than his original sentences—rather than continuing his probation in line with Havis' recommendation—without affording Lanum an opportunity to withdraw his pleas of "true." The State made no recommendation on punishment, and Havis was not authorized to enter a plea agreement on its behalf. Nor has Lanum made out a "firmly grounded" claim of ineffective assistance of counsel. Accordingly, Lanum's points of error are overruled, and the trial court's orders revoking his probation are affirmed.