Nos. 04-99-00776-CR & 04-99-00777-CR



Paul Nathaniel STREY,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court Nos. A-93-231& A-93-232


Honorable V. Murray Jordan, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice

 

Delivered and Filed: July 19, 2000


AFFIRMED


 Paul Strey appeals the judgments revoking his probation and sentencing him to two years
imprisonment. In two points of error, Strey contends that the trial court erred in denying his motion
to dismiss and motion to disqualify and that his agreement to modify the conditions of his probation
was involuntary. We overrule Strey's contentions and affirm the trial court's judgments.


Background


 Strey was convicted in both of the underlying causes of delivery of marihuana and was
sentenced to ten years imprisonment, probated for ten years. On April 28, 1999, the trial court
entered an agreed order amending the terms of Strey's probation. The order required Strey to serve
a sentence of not less than three months and not more than twenty-four months in an intermediate
sanction facility.

 After the order was entered, Strey's mother retained counsel to represent him. Strey's
counsel objected to the entry of an order amending the terms of Strey's probation without
representation and a hearing. The State then filed a motion to revoke probation. In response, Strey's
counsel filed a motion requesting the issuance of a summons instead of an arrest warrant.

 On June 21, 1999, a hearing was held on Strey's motion. At the hearing, Strey's counsel
objected to the procedure used to obtain Strey's signature on the order amending his probation. The
trial court ruled that Strey could either withdraw his consent to the order and proceed with the
motion to revoke or agree to abide by the terms of the amended conditions. Strey elected to
withdraw his consent to the order and proceed with the motion to revoke. Strey's counsel asserted,
however, that the State should not be permitted to proceed with the motion to revoke but should only
be permitted to file a motion to modify with the same recommended change in probation conditions
as contained in the withdrawn order. The trial court denied Strey's request for the issuance of a
summons rather than an arrest warrant and set the motion to revoke for hearing on July 22, 1999.

 On July 8, 1999, Strey filed a motion to disqualify the 216th district attorney's office and a
motion to dismiss the motion to revoke. Strey's motions contend that the district attorney's office
should be disqualified and the motion to revoke should be dismissed due to prosecutorial
vindictiveness and prosecutorial misconduct. Strey alleged that the district attorney's office engaged
in prosecutorial vindictiveness and misconduct by pursuing a motion to revoke seeking greater
punishment than contained in the withdrawn order after Strey invoked his right to retain counsel. 

 On July 15, 1999, the motion to disqualify the district attorney's office, motion to dismiss,
and motion to revoke probation were heard. The motion to disqualify and motion to dismiss were
denied. The motion to revoke probation was granted, and Strey was sentenced to two years
imprisonment in each cause, with the sentences to run concurrent.

Discussion


 In his first point of error, Strey contends that the trial court erred in denying his motion to
disqualify the district attorney's office and his motion to dismiss. Both motions were based on
Strey's allegation that the district attorney's office was precluded from proceeding with a motion to
revoke after Strey had initially been permitted to agree to a modification of his probation conditions. 
Strey believes that because he had initially been offered a modification through an allegedly
impermissible ex parte procedure, the State was precluded from proceeding with a motion to revoke
after Strey invoked his right to counsel and withdrew his consent to the modified probation terms.

 The flaw in Strey's argument is that it assumes that the district attorney's office was involved
in the process used by the probation department to obtain the order amending the probation
conditions. The district attorney's office does not employ a probation officer nor does it have any
authority over probation officers. See Nunez v. State, 565 S.W.2d 536, 537 (Tex. Crim. App.1978);
Lanum v. State, 952 S.W.2d 36, 40 (Tex. App.--San Antonio 1997, no writ). Punishment
recommendations made by probation officers are not binding on the State. See Lanum, 952 S.W.2d
at 40; Mendoza v. State, 649 S.W.2d 126, 127 (Tex. App.--El Paso 1983, no pet.). The assistant
district attorney testified that the district attorney's office is not involved in the probation
department's actions in obtaining agreed orders to amend probation conditions. The assistant district
attorney also testified that the district attorney's office independently evaluates a report of a
probation violation to determine whether to seek a revocation. Based on the probation violations
reported, the assistant district attorney stated that the policy of the district attorney's office would
be to seek revocation and recommend imprisonment, particularly given that Strey's probation
conditions previously had been amended. Because the State is not bound by the recommendations
made by probation officers, the State is not precluded from filing a motion to revoke based on
reported probation violations even if the probation officer would recommend or initially sought a
modification of the probation conditions. The trial court did not err in denying the motion to
disqualify and motion to dismiss.

 In his second point of error, Strey asserts that his agreement to the order amending the terms
of his probation was involuntary. After consulting with counsel, Strey was permitted to withdraw
his agreement, and the order amending the terms of his probation was withdrawn. Therefore, Strey's
argument is moot. As to the trial court's failure to properly admonish Strey, the Texas Court of
Criminal Appeals has expressly held that article 26.13 does not apply in the probation revocation
context. See Harris v. State, State, 505 S.W.2d 576, 578 (Tex. Crim. App.1974); Lanum, 952
S.W.2d at 39. Article 26.13 similarly would not apply in the probation modification context.


Conclusion


 The trial court's judgments are affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH