**Edward GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 04–00–00171–CR, 04–00–00172–CR, 04–00–00173–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 3, 2001.

Suzanne M. Kramer, San Antonio, for Appellant.

Michael P. Miklas III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

In each of these appeals, Edward Garza ("Garza") appeals the trial court's judgment revoking his probation. In his first issue, Garza contends that the trial court abused its discretion in sentencing him to consecutive, rather than concurrent, sentences because he had entered into a plea agreement with the State for concurrent sentences. In his second issue, Garza asserts that the trial court abused its discretion in ordering consecutive sentences in two of the underlying causes because they

arose out of a single criminal transaction and were disposed of in a single criminal proceeding. We overrule both of Garza's issues and affirm the trial court's judgments.

## BACKGROUND

In cause number 693273 (appeal number 04–00–00171–CR), Garza was charged with criminal mischief. In accordance with the terms of a plea bargain, the trial court deferred the adjudication of Garza's guilt and placed him on community supervision on August 6, 1998. On August 17, 1998, the State filed a motion to adjudicate, alleging Garza had violated the conditions of his community supervision by committing the offenses of possession of marijuana and assault. On September 23, 1998, the trial court adjudicated Garza's guilt and again placed him on community supervision. At the same time, the trial court also entered judgment in cause numbers 702394 (appeal number 04–00–00172–CR) and 702395 (04–00–00173–CR). Garza was charged with possession of marijuana and assault in those causes, which were the offenses on which the motion to adjudicate was based in the first cause. Both offenses were alleged to have occurred on or about August 14, 1998. Garza was placed on community supervision in those causes, with the sentences in all three causes to run concurrent.

On January 24, 2000, the State filed a motion to revoke in each of the causes, alleging, in part, that Garza violated the first condition of his probation by committing the offense of burglary on or about December 23, 1999. At the hearing on the motions, Garza pled true to violating the first condition in cause number 693273. The trial court asked whether an agreement existed. The State responded that an agreement existed and asked the trial court to revoke Garza's probation and "assess 120 days in the Bexar County Jail, credit for time served, time and fine to run concurrent" with the other cases. In response to questioning, the trial court was informed that the burglary was committed while Garza was on probation. The following exchange then occurred:

THE COURT: State, is there a reason you're recommending 120 days instead of a year? Do you know something I don't know?

MR. NAJERA: No, Judge. How long was he sentenced?

THE COURT: A year. We took away his deferred back on September 23rd. We gave him another chance.

Mr. Garza, in Cause 693273 the Court accepts your plea of true to condition one on the motion to revoke probation. I grant the State's motion to revoke your probation. I sentence you to one year in the Bexar County Jail, a $100.00 fine, plus court costs, and to be served consecutively and not concurrently with Cause 702395, 702394 and 2000 CR0636W [the burglary offense], day for day.

Anything further from the State of the Defense on 693273?

MR. NAJERA: No, Your Honor.

MR. GUINN: No, Judge.

THE COURT: You did an admirable job convincing the DA that Mr. Garza deserved slack. However, that same persuasion is not going to work on me for someone that commits a major felony while he's on probation for a misdemeanor in my court after he's already gone through an MTR on it and we cut him slack again.

Anything further?

MR. GUINN: Yes, Judge. I mean, I thought I had—

THE COURT: Well, you don't make deals on MTR's. Or if you do, I just busted it. So I don't know what you want to do. I mean, I allow people—

MR. GUINN: Well, I'd ask to pull back temporarily and allow you to see the district attorney's file on the felony and I think you might have a different opinion. I don't think, you know, on—

[Discussion regarding Garza's participation in burglary offense]

THE COURT: Okay. Do I have the authority to do what I just did?

MR. GUINN: Yes, Judge, you have.

The trial court then asked for Garza's plea in Cause 702394. After Garza pled true, and prosecuting attorney and defense attorney both responded that their argument was the same in that cause, the following exchange occurred:

MR. GUINN: Could I ask one thing, Judge? That if you give him a year on these, that you do allow it to run concurrent with that other case.

THE COURT: You could ask me. I'm not going to do it.

Now, the other thing you need to be aware of is no matter what I order here, the sheriff, in all likelihood, is going to be giving him three for one on all this stuff like he does on everybody. I don't know that I've ever been able to keep someone in there as long as I would like to keep them because the sheriff has his own policies that I have no control over, just like I have my policies that he has no control over.

Mr. Garza, in Cause 702394 the Court accepts your plea of true to condition one on the motion to revoke probation. I grant the State's motion to revoke your probation. I sentence you to six months in the Bexar County Jail, a $250.00 fine, plus court costs, to run consecutively and not concurrently with Cause 702395, 693723 and 2000 CR0636W, day for day.

Anything further from the State or the Defense on 702394?

MR. GUINN: Judge, it is my understanding that you're stacking everything?

THE COURT: That would be correct. That is what I do with people that are on probation in my court and commit major felonies while they're on my probation after I cut them slack and keep them on probation with a prior MTR.

Any further questions?

MR. GUINN: No, Judge.

Garza then entered a plea of true in cause number 702395, and the trial court sentenced him to one year in the Bexar County Jail, a $200.00 fine, plus court costs, to run consecutively with the other causes. In response to whether there was anything further from the State or the defense on 702395, both the prosecuting attorney and defense counsel answered, "No, Your Honor." Garza timely filed these appeals.

## DISCUSSION

In his first issue, Garza complains that the trial court abused its discretion in ordering his sentences to run consecutively in violation of the terms of his plea agreement. Garza contends the trial court's contravention of the agreement renders his pleas involuntary and that he should be permitted to withdraw his pleas or the trial court should be required to follow the terms of the plea agreement. The State responds that no plea agreement existed until the trial court accepted the agreed terms. Alternatively, the State responds that Garza waived his complaint by failing to object or request to withdraw his pleas.

In general, an appellant must preserve complaints for appellate review by making the complaint to the trial court by a timely request, objection or motion. TEX.R.APP.P. 33.1(a). In order to preserve a complaint that the trial court improperly rejected a plea agreement during a revocation hearing, the defendant must request an opportunity to withdraw his plea either during the revocation hearing or in a motion for new trial. *See Lanum v. State*, 952 S.W.2d 36, 39–40 (Tex.App.—San Antonio 1997, no pet.). Garza never requested an opportunity to withdraw his plea either during the hearing or in a motion for new trial. Garza has, therefore, waived the complaint asserted in his first issue. *See id.*

In his second issue, Garza contends that the trial court abused its discretion in ordering consecutive sentences in cause numbers 702394 and 702395 because they arose out of a single criminal transaction and were disposed of in a single criminal proceeding. The State counters that the two offenses were not part of the same criminal episode; therefore, the trial court could order consecutive sentences.

 Section 3.03 of the Texas Penal Code requires sentences to run concurrently when a defendant is "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." TEX.PEN.CODE ANN. § 3.03 (Vernon Supp.2000). Section 3.01 defines "criminal episode" as the commission of one or more offenses under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX.PEN.CODE ANN. § 3.01 (Vernon 1994). Possession of marijuana and assault are not the same or similar offenses; therefore, the offenses were not part of the same criminal episode unless they were committed pursuant to the same transaction or pursuant to two transactions that were connected or constituted a common scheme or plan. *See id.* Our record does not contain any evidence detailing the circumstances surrounding the commission of the two offenses. The only information that remotely links the offenses is the allegation that both offenses were committed on or about the same date. This is not sufficient evidence from which we can determine that the offenses were pursuant to the same transaction or were connected by a common scheme or plan. As the State surmises, Garza may simply have been in possession of marijuana when he was arrested for the assault. This would not make the offenses part of the same transaction or connect them by a common scheme or plan. Garza's second issue is overruled.

### CONCLUSION

The trial court's judgments are affirmed.