NUMBER 13-00-557-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

MARTIN M. BARRON, Appellant,



v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court

of Kleberg County, Texas.

 
 


MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Rogelio Valdez




After reviewing the briefs of the parties and the appellate record, we conclude all dispositive issues are clearly settled in
law. Therefore, we issue this memorandum opinion pursuant to rule 47.1 of the Texas Rules of Appellate Procedure. 
SeeTex. R. App. P. 47.1. The factual nature of this case, as well as its procedural history, are known to the parties;
therefore, we do not recount these matters in detail. For the reasons set forth below, we affirm the judgment of the trial
court.

In one issue, appellant complains that the trial court erred in failing to follow a plea recommendation made by the State at
the time of Appellant's plea of true to the Motion to Revoke Community Supervision.

Appellant argues that he should be allowed to withdraw his plea of true because he entered into a plea agreement with the
State, but the trial court did not follow the agreement. The State responds by arguing that a trial court is not required to
follow the State's recommendation on punishment in connection with a motion to revoke community supervision, and
neither is a court required to allow a defendant to withdraw his plea of "true" in such a situation. We find that we need not
address appellant's issue on appeal, as it appears that the appellant failed to preserve this issue for appellate review.

"As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the
trial court by a timely request, objection, or motion . . . ." Tex. R. App. P. 33.1(a). Appellant did not present the issue now
on appeal to the trial court either at the revocation hearing, in a motion for new trial, or at any other point in the trial court
proceedings. See Lanum v. State, 952 S.W.2d 36, 40 (Tex. App.-San Antonio 1997, no pet.) (request to withdraw plea
must be presented to trial court). Thus, appellant waived his sole issue on appeal by failing to object to the trial court's
refusal to follow the State's sentencing recommendation and by failing to request an opportunity to withdraw his plea of
true either during the revocation hearing or in a motion for new trial. 

Appellant's sole issue is overruled. The judgment of the trial court is AFFIRMED.



 ______________________

ROGELIO VALDEZ

Chief Justice



Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.