Affirmed and Opinion filed August 29, 2002









Affirmed
and Opinion filed August 29, 2002.

 




 
 
 
  
 
 
 




 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01178-CR

____________

 

DONIE DESHAWN CASEY,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No. 842,102

 



 

O
P I N I O N

A
jury convicted appellant, Donie Deshawn Casey, of aggravated robbery.  In one point of error, appellant claims he
received ineffective assistance of counsel. 
We affirm.

Factual and Procedural Background








The
complainant, Thomas Adegoke, testified at trial that on February 1, 2000, two
men entered a Payless Shoe Source store in Harris County where Adegoke worked
as a manager and asked him for assistance. 
Adegoke testified that he led the men to the rear of the store and then
returned to the front to attend the cash register.  He said that the two men returned to the
front of the store, one grabbed him around the neck, and the other pulled out a
gun and pointed it at him.  The men
demanded that Adegoke open the store=s safe, and when he told them he could not do so immediately,
they demanded the money in the register. 
Adegoke gave the men the money from the register.  He testified that the man with the gun then
threatened to shoot him.  A customer,
Deidra Clark, testified that she realized the men were not satisfied with the
amount of money from the register and offered to give them everything from her
wallet.  The two men took her money, the
money from the register, and eventually left the store.  

Houston
Police Officer Sherry Anderson investigated the Payless robbery case eight days
later.  Officer Anderson testified that a
suspect being held for an unrelated offense confessed to her that he also had
participated in the Payless robbery and provided Officer Anderson with the
names of the two men.  Officer Anderson
testified that, using this information, she put together two line-up cards to
present to Adegoke and the other eyewitnesses. 
Adegoke, Clark, and another eyewitness, ShaGaria Roy, positively
identified appellant as the man holding the gun during the Payless robbery.  On April 18, 2000, appellant was charged with
aggravated robbery.

At
trial, Adegoke, Clark, and Roy testified to their prior, positive
identification of appellant.  Following
their testimony, Officer Anderson testified about how she learned of appellant=s
name and also related the positive identifications of appellant from the
line-up card.  Appellant=s
trial counsel did not object to Officer Anderson=s statements.  

The
jury found appellant guilty of aggravated robbery and assessed punishment at
thirty years= confinement.  This
appeal followed.

Ineffective Assistance of Counsel

            Appellant
asserts in one point of error that his trial counsel was ineffective for
failing  to object during Officer
Anderson=s
testimony.








We
review a claim of ineffective assistance of counsel using the standard set
forth in Strickland v. Washington. 
466 U.S. 668, 684 (1984).  We must
first decide whether trial counsel=s representation fell below an objective standard of
reasonableness under prevailing professional norms.  Id. at 688.  If counsel=s performance fell below this standard, the reviewing court
then must decide whether a Areasonable probability@ exists that the result of the trial would have been different
but for counsel=s deficient performance. 
Id. at 694.  A reasonable
probability is a Aprobability sufficient to undermine confidence in the outcome.@  Id. 
A defendant is entitled to reasonably effective counsel, not perfect
counsel judged by hindsight; therefore, to succeed on an ineffective assistance
claim, appellant must demonstrate more than isolated errors and omissions.  See Lanum v. State, 952 S.W.2d 36, 40
(Tex. App.CSan Antonio 1997, no pet.).               

We
begin with the strong presumption that counsel was competent and presume
counsel=s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  See Thompson v. State,
9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 
Appellant has the burden of rebutting this presumption by presenting
evidence illustrating why trial counsel did what he did.  Id. 
Even if the record reveals that a valid objection, motion, or
request was available to trial counsel, failing to undertake the complained of
action may be attributable to sound trial strategy.  Strickland, 466 U.S. at 690.  Therefore, appellant cannot meet his burden
if the record does not specifically focus on the reasons for trial counsel=s
conduct.  Stults v. State, 23
S.W.3d 198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref'd).  This kind of record is best developed in a
hearing on an application for a writ of habeas corpus or a motion for new
trial.  Id; Perez v. State,
56 S.W.3d 727, 731 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d)
(stating that when the record is silent as to counsel=s
reasons for his conduct, finding counsel ineffective would call for speculation
by the appellate court).








Here,
the record is silent as to the reasons for counsel=s
actions.  While appellant points to four
instances at which trial counsel could have objected during Officer Anderson=s
testimony, he presents no evidence to rebut the presumption that trial counsel=s
actions were the result of a reasonable strategic decision.  See Perez, 56 S.W.3d at 730-31.  Accordingly, appellant has failed to prove
that trial counsel=s allegedly improper actions amount to an error sufficiently
egregious to satisfy the first prong of Strickland.

Even
if appellant=s trial counsel=s representation fell below a reasonable standard of conduct,
it is not Areasonably probable@ that the outcome in appellant=s case would have been different but for counsel=s
deficient performance.  Before Officer
Anderson testified, Adegoke, Clark, and Roy all positively identified appellant
as the man holding the gun during the Payless robbery.  The three eyewitnesses had ample opportunity
to observe appellant in the Payless store. 
Adegoke testified that before appellant pointed a gun at him, he walked
with appellant to the back of the store to help him find shoes.  Clark testified that, to appease appellant
and his accomplice and to make them leave the store, she gave the men
everything from her wallet because she feared someone would die.  The men stayed in the store even after these
events.  When Clark testified that
appellant and his accomplice later walked toward the door, she Aremembered
seeing them walking with the manager this way.@  Roy testified that she
stood by the front door when appellant pulled a gun and pointed it at
Adegoke.  Additionally, all three
witnesses testified they had also identified appellant from the line-up card
prepared by Officer Anderson.  Because
appellant has not shown that trial counsel=s failure to object to Officer Anderson=s
testimony prejudiced him, appellant does not satisfy the second prong of the Strickland
test.  

The
judgment of the trial court is affirmed.

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Opinion filed  August 29, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).