Affirmed and Memorandum Opinion filed April 21, 2009








Affirmed and Memorandum Opinion filed April 21, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00616-CR

____________

 

TOMIKA MONIQUE ESTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 3rd
District Court 

Anderson County, Texas

Trial Court Cause No. 28,678

 



 

M E M O R A N D U M   O P I N I O N

The trial court granted the State=s motion to revoke
community supervision and sentenced appellant, Tomika Monique Ester, to two
years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. 
Appellant  seeks reversal of the order revoking community supervision.  In her
sole point of error, appellant contends her plea of Atrue@ was not voluntary
because she was not informed of the potential range of punishment.  








Factual and Procedural Background

Appellant was originally indicted for possession of a
controlled substance and voluntarily entered a guilty plea.  The trial court
sentenced appellant to two years= confinement in
the Texas Department of Criminal Justice State Jail Division probated for three
years.  Approximately six months after the judgment, the State filed a motion
to revoke community supervision, alleging appellant violated the terms of her
community supervision.  The trial court modified the conditions of appellant=s community
supervision and dismissed the State=s motion. 
Approximately eight months after the modification, the State filed a second
motion to revoke community supervision, alleging appellant violated the
modified terms of her community supervision.  At the revocation hearing,
appellant entered a plea of true to the allegations in the motion to revoke. 
It is undisputed that the trial court gave appellant no admonishments before
she entered her plea.  The court found appellant=s plea freely and
voluntarily made and subsequently revoked her community supervision.  Appellant
was sentenced to two years confinement in the Institutional Division of the
Texas Department of Criminal Justice.  Appellant appeals the revocation of her
community supervision.  

Discussion

In her sole issue, appellant contends her plea of Atrue,@ made during
probation revocation proceedings, was not voluntary.  Specifically, she alleges
the trial court erred by failing to admonish her of the potential range of
punishment before she entered her plea of true.  

A.      Standard
of Review 








An order revoking probation is subject to an abuse of
discretion standard of review.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App.
2006).  An
appellate court affords almost total deference to a trial court=s determination of the historical
facts supported by the record, especially when the trial court=s fact findings are based on an
evaluation of credibility and demeanor.  Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).  The appellate court also affords the
same amount of deference to a trial court=s ruling on Aapplication of law to fact questions,@ also known as Amixed questions of law and fact,@ if the resolution of those questions
turns on an evaluation of credibility and demeanor.  Id.  The court
reviews de novo those questions not turning on credibility and
demeanor.  Id.  When there are no written findings in the record, as in
this case, an appellate court is to view the evidence in the light most
favorable to the trial court=s ruling and uphold the ruling on any theory of law
applicable to the case.  Id. 

B.      Analysis

In a criminal proceeding, the court shall admonish the
defendant of the range of punishment attached to the offense prior to accepting
a plea of guilty or a plea of nolo contendere.  See Tex. Code Crim.
Proc. art 26.13(a)(1) (Vernon 2009).  Appellant argues the trial court erred by
failing to admonish her of the range of punishment before she made a  plea of
true during her probation revocation hearing.  

Article 26.13 of the Texas Code of Criminal Procedure
applies only when a defendant enters a plea of guilty or nolo contendere in a
felony prosecution.  Gutierrez v. State, 108  S.W.3d 304, 309 (Tex.
Crim. App.
2003).  The Court of Criminal Appeals has expressly held Article 26.13 does not
apply in probation revocation proceedings.  Id., Lanum v. State,
952 S.W.2d 36, 39 (Tex. App.CSan
Antonio
1997, no pet.).  Appellant failed to cite any authority, other than Article
26.13, to support her contention the trial court judge erred in failing to
admonish her of the range of punishment.  Because we hold Article 26.13 does
not apply to probation revocation proceedings, appellant=s argument is
without merit.  Accordingly, we overrule appellant=s sole issue.








Conclusion

Having overruled appellant=s sole issue on
appeal, we affirm the order of the trial court.

 

 

/s/      John S. Anderson

Justice

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).