Opinion issued October 1, 2009













     


In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00218-CR




FRANK PATTON, JR., Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 349th District Court
Houston County, Texas
Trial Court Cause No. 04-CR-038




MEMORANDUM OPINION 

          In 2004, appellant, Frank Preston, Jr., pleaded guilty to two counts of the
offense of injury to a child.


 Pursuant to the State’s punishment recommendation, the
trial court sentenced appellant to 10 years in prison, suspended for 10 years’
community supervision and a $1,000 fine. In 2008, the State filed a motion to revoke
in which it alleged six violations of the terms and conditions of appellant’s
community supervision. Following appellant’s plea of true to five of six of the
State’s allegations, the trial court revoked appellant’s community supervision and
sentenced appellant to eight years in prison and assessed a $1,000 fine.


 This appeal
followed.



          In his sole issue, appellant contends that his plea of “true” to the State’s
revocation allegations was not voluntary because the trial court failed to inform him
of the “consequences of his plea.” More precisely, appellant contends that the trial
court did not inform him that he could be sentenced to a maximum of 10 years in
prison. 
          Code of Criminal Procedure article 26.13 requires a court to admonish a
defendant of the applicable punishment before accepting a plea of guilty or a plea of
nolo contendere. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 2009). 
Article 26.13 applies only when a defendant enters a plea of guilty or nolo contendere
in a felony prosecution. Gutierrez v. State, 108 S.W.3d 304, 309 (Tex. Crim. App.
2003). The Court of Criminal Appeals has determined that article 26.13 does not
apply to “probation” revocation proceedings. Id.; see also Lanum v. State, 952
S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.). 
          Here, appellant cites only Article 26.13 to support his contention that the trial
court erred in failing to admonish him of the maximum incarceration that he could
receive. Because article 26.13 does not apply to revocation proceedings, appellant’s
argument is without merit. 
          In any event, the record does not support appellant’s claim that the trial court
failed to advise him that he could be sentenced to 10 years in prison. To the contrary,
the record shows the complete opposite of that claim. 
          Based on the allegations in the indictment, appellant was charged and
convicted of two counts of third-degree felony injury to a child. See Tex. Penal
Code Ann. § 22.04(a)(3), (f) (Vernon Supp. 2008). The maximum incarceration a
defendant may receive for a third-degree felony is 10 years in prison. See Tex.
Penal Code Ann. § 12.34 (Vernon 2003). The record shows that, before appellant
pleaded true to any of the State’s revocation allegations, the trial court informed
appellant that he could be “sentenced up to ten years incarceration.” Appellant
indicated to the trial court that he understood the admonishment. 
          We overrule appellant’s sole issue and affirm the judgment of the trial court.
 
 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. See Tex. R. App. P. 47.2(b).