

# NUMBERS
## 13-10-00480-CR
## 13-10-00488-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GERARDO GARCIA,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

## On appeal from the 156th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Gerardo Garcia, argues that the trial court abused its discretion when it

revoked his community supervision and sentenced him to six years' incarceration in the

Texas Department of Criminal Justice—Institutional Division (TDCJ).   By his sole issue,

Garcia claims that his sentence "violates the objectives of the penal system of prohibitions, penalties, and correctional measures, and fails to meet the objective of rehabilitation." We affirm.

## I. BACKGROUND

The State indicted Garcia for two separate incidents of felony driving while intoxicated, a third-degree felony.[1] *See* TEX. PENAL CODE ANN. §§ 12.34, 49.04(a), 49.09(b) (West Supp. 2010). Garcia pleaded nolo contendere in both cases. The trial court found him guilty of both charged offenses, fined him $2,500, sentenced him to six years' confinement in the TDCJ, and then suspended the sentences and placed Garcia on community supervision for six years. One of the terms of Garcia's community supervision was to complete a term in a substance abuse felony punishment facility (SAFPF).

In May 2005, the State filed its first motion to revoke. In April 2006, the trial court modified the terms of community supervision, and the State dismissed its motion. The State filed a second motion to revoke on May 12, 2009, alleging that Garcia violated numerous terms of his community supervision, such as failing to report for two years and failing to submit to a urinalysis. Garcia pleaded "not true" to these alleged violations.

At a hearing on the second motion to revoke, Garcia testified that he could not find transportation to his assigned SAFPF community center after he was discharged from Travis County jail in December 2006. He called his probation officer, Sandy Lopez,

---

[1] The two cause numbers were B-03-2002-0-CR-B and B-03-2049-0-CR-B. These were not Garcia's first offenses for intoxication. Garcia's first driving-while-intoxicated arrest occurred on September 19, 1990, and is referenced in the appellate record by cause number 5561 in County Court at Law of Bee County, Texas. Garcia's second driving-while-intoxicated incident occurred on October 31, 1996, and is referenced by cause number 96-4908-3 in the County Court at Law No. 3 of Nueces County, Texas.

from a pay phone to let her know this, and was unable to call her after that because he did not have access to a phone. After staying in Austin for two weeks, Garcia returned to his parent's home in El Paso, Texas where he got a job working as a bilingual sales representative at MCI. He soon moved into his own apartment. Garcia testified that he did not call his probation officer during the time he lived El Paso, nor did he send money to pay for any fees—both of which were terms of his community supervision. He was eventually arrested in El Paso during a routine traffic stop.

The trial court found the following:

Based on the evidence introduced in the case, I find all of the allegations in the petition to be true, save and except those regarding personal reporting.

I do find that there was a lack of diligence after December of 2006 in securing this gentleman's compliance with that term and condition of probation. The December 2006 allegation is not met. All of the other allegations occurred after that.

I do, however, find that the Defendant was on notice of all of the other obligations under the Court's order; further find that there was a prior motion to revoke this Defendant's community supervision dating back to the failure to report as soon as he got out of SAFPF the first time. He was only not brought to this Court's attention and was not—did not face those allegations because he had gotten in trouble in another county and they sent him back to SAFPF a second time; those allegations found to be true.

The trial court revoked Garcia's probation in both cases and sentenced him to six years' confinement in the TDCJ. Garcia filed this appeal.

## II. STANDARD OF REVIEW

We review decisions made by the trial court regarding the revocation of community supervision for an abuse of discretion. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court abuses its discretion when it "applie[s] an

3

erroneous legal standard, or when no reasonable view of the record could support [its] conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion." *Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no writ) (citing *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996)).

The trial court has broad discretion over the revocation and modification of community supervision. *See* TEX. CRIM. PROC. CODE ANN. art. 42.12, § 21 (West Supp. 2010). The general rule is that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1998). Section 12.34 of the penal code provides that the punishment range for a third-degree felony is imprisonment for a term of not more than ten years or less than two years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.34 (a), (b) (West 2003).

## III. ANALYSIS

Garcia argues that his sentence "violates the objectives of the penal system of prohibitions, penalties, and correctional measures, and fails to meet the objective of rehabilitation." However, as a prerequisite to presenting a complaint on appeal, a party must have made a timely and specific request, objection, or motion to the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Hefley v. State*, No. 05-09-00950-CR, 2010 Tex. App. LEXIS 4659, at *1 (Tex. App.—Dallas June 21, 2010, no pet.) (mem. op., not designated for publication) (holding that defendant did not preserve error when he failed to object that his punishment violated "the objective of the system of prohibitions, penalties, and correctional measures" at sentencing). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of

4

the objection and give him the opportunity to rule on it; [and] (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). When a party fails to communicate his objection clearly, any error will be deemed forfeited on appeal. *Id.* at 313.

The record before us does not reveal any instance where Garcia lodged the specific objection he now complains of on appeal—that his six-year sentence in the TDCJ violated the objectives of the penal code. No complaint was made at the hearing on the motion to revoke, nor was one made by a post-trial motion. Accordingly, we conclude that Garcia has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Even assuming Garcia did preserve error, however, we note that Garcia's punishment was within the range prescribed for a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) ("An offense under Section 49.04 . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ."). The range of punishment for a third-degree felony is "any term of not more than 10 years or less than 2 years." *See id.* § 12.34. Garcia's punishment was for six years. Because "[i]t is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal," we conclude that the trial court did not abuse its discretion in determining Garcia's sentence. *See Jackson*, 680 S.W.2d at 814. We overrule Garcia's sole issue.

## IV. CONCLUSION

Having overruled Garcia's only issue on appeal, we affirm the judgments of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of July, 2011.