NUMBERS

13-10-00480-CR

13-10-00488-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

GERARDO GARCIA,                                                             Appellant,

 

v.

 

THE STATE OF TEXAS,                                    Appellee.

                                                                     


 

On appeal from the 156th
District Court

of Bee County, Texas.

                                                                     


 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

            Appellant,
Gerardo Garcia, argues that the trial court abused its discretion when it
revoked his community supervision and sentenced him to six years’ incarceration
in the Texas Department of Criminal Justice—Institutional Division (TDCJ).  By
his sole issue, Garcia claims that his sentence “violates the objectives of the
penal system of prohibitions, penalties, and correctional measures, and fails
to meet the objective of rehabilitation.”  We affirm.  

I. Background

            The
State indicted Garcia for two separate incidents of felony driving while
intoxicated, a third-degree felony.[1] 
See Tex. Penal Code Ann. §§
12.34, 49.04(a), 49.09(b) (West Supp. 2010).  Garcia pleaded nolo contendere in
both cases.  The trial court found him guilty of both charged offenses, fined
him $2,500, sentenced him to six years’ confinement in the TDCJ, and then
suspended the sentences and placed Garcia on community supervision for six
years.  One of the terms of Garcia’s community supervision was to complete a
term in a substance abuse felony punishment facility (SAFPF).  

In
May 2005, the State filed its first motion to revoke.  In April 2006, the trial
court modified the terms of community supervision, and the State dismissed its
motion.  The State filed a second motion to revoke on May 12, 2009, alleging
that Garcia violated numerous terms of his community supervision, such as failing
to report for two years and failing to submit to a urinalysis.  Garcia pleaded
“not true” to these alleged violations.  

At
a hearing on the second motion to revoke, Garcia testified that he could not
find transportation to his assigned SAFPF community center after he was
discharged from Travis County jail in December 2006.  He called his probation
officer, Sandy Lopez, from a pay phone to let her know this, and was unable to
call her after that because he did not have access to a phone.  After staying
in Austin for two weeks, Garcia returned to his parent’s home in El Paso, Texas
where he got a job working as a bilingual sales representative at MCI.  He soon
moved into his own apartment.  Garcia testified that he did not call his
probation officer during the time he lived El Paso, nor did he send money to
pay for any fees—both of which were terms of his community supervision.  He was
eventually arrested in El Paso during a routine traffic stop.

The
trial court found the following:

Based on the
evidence introduced in the case, I find all of the allegations in the petition
to be true, save and except those regarding personal reporting.  


I do find that there was a lack of diligence after December of 2006 in securing
this gentleman’s compliance with that term and condition of probation.  The
December 2006 allegation is not met.  All of the other allegations occurred
after that.

 

I do, however,
find that the Defendant was on notice of all of the other obligations under the
Court’s order; further find that there was a prior motion to revoke this
Defendant’s community supervision dating back to the failure to report as soon
as he got out of SAFPF the first time.  He was only not brought to this Court’s
attention and was not—did not face those allegations because he had gotten in
trouble in another county and they sent him back to SAFPF a second time; those
allegations found to be true.

 

The
trial court revoked Garcia’s probation in both cases and sentenced him to six
years’ confinement in the TDCJ.  Garcia filed this appeal.  

II. Standard
of Review

We
review decisions made by the trial court regarding the revocation of community
supervision for an abuse
of discretion.  Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981).  The trial court abuses its discretion when it “applie[s] an erroneous
legal standard, or when no reasonable view of the record could support [its]
conclusion under the correct law and facts viewed in the light most favorable
to its legal conclusion.”  Lanum v. State, 952 S.W.2d 36, 39 (Tex.
App.—San Antonio 1997, no writ) (citing DuBose v. State, 915 S.W.2d 493,
497–98 (Tex. Crim. App. 1996)).  

The
trial court has broad discretion over the revocation and modification of
community supervision.  See Tex.
Crim. Proc. Code Ann. art. 42.12, § 21 (West Supp. 2010). The general
rule is that as long as a sentence is within the proper range of punishment, it
will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1998).  Section 12.34 of the penal code provides that the
punishment range for a third-degree felony is imprisonment for a term of not
more than ten years or less than two years and a fine not to exceed $10,000.  See
Tex. Penal Code Ann. § 12.34 (a),
(b) (West 2003). 

III. Analysis

Garcia
argues that his sentence “violates the objectives of the penal system of
prohibitions, penalties, and correctional measures, and fails to meet the
objective of rehabilitation.”  However, as a prerequisite to presenting a
complaint on appeal, a party must have made a timely and specific request,
objection, or motion to the trial court.  See Tex. R. App. P. 33.1(a)(1)(A); see also Hefley v. State,
No. 05-09-00950-CR, 2010 Tex. App. LEXIS 4659, at *1 (Tex. App.—Dallas June 21,
2010, no pet.) (mem. op., not designated for publication) (holding that
defendant did not preserve error when he failed to object that his punishment
violated “the objective of the system of prohibitions, penalties, and
correctional measures” at sentencing).  “The purpose of requiring a specific
objection in the trial court is twofold:  (1) to inform the trial judge of the
basis of the objection and give him the opportunity to rule on it; [and] (2) to
give opposing counsel the opportunity to respond to the complaint.”  Resendez
v. State, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009).  When a party fails
to communicate his objection clearly, any error will be deemed forfeited on
appeal.  Id. at 313.

The
record before us does not reveal any instance where Garcia lodged the specific
objection he now complains of on appeal—that his six-year sentence in the TDCJ
violated the objectives of the penal code.  No complaint was made at the
hearing on the motion to revoke, nor was one made by a post-trial motion. 
Accordingly, we conclude that Garcia has not preserved this issue for appellate
review.  See Tex. R. App. P.
33.1(a)(1)(A).

Even
assuming Garcia did preserve error, however, we note that Garcia’s punishment
was within the range prescribed for a third-degree felony.  See Tex. Penal Code Ann. § 49.09(b)(2) (“An
offense under Section 49.04 . . . is a felony of the third degree if it is
shown on the trial of the offense that the person has previously been convicted
. . . two times of any other offense relating to the operating of a motor
vehicle while intoxicated . . . .”).  The range of punishment for a
third-degree felony is “any term of not more than 10 years or less than 2
years.”  See id. § 12.34.  Garcia’s punishment was for six years. 
Because “[i]t is the general rule that as long as a sentence is within the
proper range of punishment, it will not be disturbed on appeal,” we conclude
that the trial court did not abuse its discretion in determining Garcia’s
sentence.  See Jackson, 680 S.W.2d at 814.  We overrule Garcia’s
sole issue.




IV. Conclusion

            Having
overruled Garcia’s only issue on appeal, we affirm the judgments of the trial
court.

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Do not publish.

Tex. R. App.
P. 47.2(b).

 

Delivered and filed the

28th day of July, 2011. 

 

 









[1]  The two cause
numbers were B-03-2002-0-CR-B and B-03-2049-0-CR-B.  These were not Garcia’s
first offenses for intoxication.  Garcia’s first driving-while-intoxicated
arrest occurred on September 19, 1990, and is referenced in the appellate
record by cause number 5561 in County Court at Law of Bee County, Texas.  Garcia’s
second driving-while-intoxicated incident occurred on October 31, 1996, and is
referenced by cause number 96-4908-3 in the County Court at Law No. 3 of Nueces
County, Texas.