**Opinion filed August 25, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00100-CR

_____

## WILLIAM LEE SPAFFORD III, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 3rd District Court**
**Anderson County, Texas**
**Trial Court Cause No. 29061**

## MEMORANDUM OPINION

William Lee Spafford III pleaded guilty on November 26, 2007, to the offense of possession of a controlled substance with intent to deliver. In accordance with a plea agreement, the trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years and assessed a fine of $1,250. However, the trial court suspended the imposition of the sentence and placed appellant on community supervision for a term of ten years.

The State subsequently filed a motion to revoke community supervision alleging various violations of the terms and conditions of appellant's community supervision. The trial court considered the motion at a hearing conducted on February 24, 2010. Appellant entered a plea of

"true" to the alleged violations at the outset of the hearing. After considering evidence pertaining to punishment, the trial court revoked appellant's community supervision and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. In a single issue, appellant contends that his plea of "true" was involuntary because the trial court did not apprise him of the applicable range of punishment at the revocation hearing. We affirm.

*Analysis*

An order revoking probation is subject to an abuse-of-discretion standard of review. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a criminal proceeding, the trial court is required to admonish the defendant of the range of punishment attached to the offense prior to accepting a plea of guilty or a plea of nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2010). Article 26.13 applies only when a defendant initially enters a plea of guilty or nolo contendere in a felony prosecution. *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003). The Court of Criminal Appeals has expressly held that Article 26.13 does not apply in a subsequent probation revocation proceeding. *Id.*; *Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.). Thus, the trial court was not required to admonish appellant that he might be sentenced to confinement for the length of his original sentence if the trial court revoked his community supervision. Accordingly, appellant's argument is without merit. Moreover, the record reflects actual awareness by appellant prior to sentencing that he was subject to receiving a ten-year sentence. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

August 25, 2011                                      JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

2