Opinion filed August 25,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00100-CR

                                                    __________

 

                          WILLIAM
LEE SPAFFORD III, Appellant  

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 3rd District Court

                                                         Anderson
County, Texas

                                                      Trial
Court Cause No. 29061

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            William
Lee Spafford III pleaded guilty on November 26, 2007, to the offense of
possession of a controlled substance with intent to deliver.  In accordance
with a plea agreement, the trial court assessed his punishment at confinement
in the Institutional Division of the Texas Department of Criminal Justice for a
term of ten years and assessed a fine of $1,250.  However, the trial court
suspended the imposition of the sentence and placed appellant on community
supervision for a term of ten years.

            The
State subsequently filed a motion to revoke community supervision alleging
various violations of the terms and conditions of appellant’s community supervision. 
The trial court considered the motion at a hearing conducted on February 24,
2010.  Appellant entered a plea of “true” to the alleged violations at the
outset of the hearing.  After considering evidence pertaining to punishment,
the trial court revoked appellant’s community supervision and assessed his
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of ten years.  In a single issue, appellant
contends that his plea of “true” was involuntary because the trial court did
not apprise him of the applicable range of punishment at the revocation
hearing.  We affirm.

Analysis

An order revoking probation is subject to an abuse-of-discretion standard of review. Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).   In a criminal
proceeding, the trial court is required to admonish the defendant of the range
of punishment attached to the offense prior to accepting a plea of guilty or a
plea of nolo contendere.  Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2010).  Article 26.13
applies only when a defendant initially enters a plea of guilty or nolo
contendere in a felony prosecution.  Gutierrez v. State, 108 S.W.3d 304,
309 (Tex. Crim. App. 2003).  The Court of Criminal Appeals has expressly held
that Article 26.13 does not apply in a subsequent probation revocation
proceeding.  Id.; Lanum v. State, 952 S.W.2d 36, 39 (Tex. App.—San
Antonio 1997, no pet.).  Thus, the trial court was not required to admonish
appellant that he might be sentenced to confinement for the length of his
original sentence if the trial court revoked his community supervision.  Accordingly,
appellant’s argument is without merit.  Moreover, the record reflects actual
awareness by appellant prior to sentencing that he was subject to receiving a
ten-year sentence. Appellant’s sole issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

August 25, 2011                                                                     JUSTICE

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.