NO. 07-06-0246-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 8, 2007


______________________________


 

KYLE DANE DUNN, APPELLANT (1)



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 52,176-C; HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Kyle Dane Dunn, appeals his conviction for possession of a controlled
substance with intent to deliver and sentence of 17 years incarceration in the Institutional
Division of the Texas Department of Criminal Justice and $5,000 fine. Appellant's counsel
has filed a brief in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App.
1969). We affirm.

 Appellant was charged by indictment with the offense of possession of a controlled
substance (methamphetamine), with intent to deliver, in an amount of four grams or more
but less than 200 grams. This indictment further charged that appellant committed the
offense in a drug-free zone. Following trial of appellant, the jury returned a verdict finding
him guilty of the offense of possession with intent to deliver, but not finding the offense to
have been committed in a drug-free zone. After a punishment hearing, the jury returned
a punishment verdict of 17 years imprisonment and a $5,000 fine. The jury's verdicts were
accepted by the trial court and judgment was entered in accordance with the verdicts. 

 Appellant's counsel has filed a brief, in compliance with Anders and Gainous, stating
that he has diligently reviewed the appellate record and applicable law and is of the opinion
that the record reflects no reversible error upon which an appeal can arguably be
predicated. Counsel thus concludes that the appeal is frivolous. Counsel's brief presents
a summation of the procedural history of the case and discusses why, under the controlling
authorities, there is no reversible error in the trial court proceedings and judgment. See
High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has attached an exhibit showing that a copy of the Anders brief and motion
to withdraw have been forwarded to appellant and that counsel has appropriately advised
appellant of his right to review the record and file a pro se response to counsel's motion
and brief. The clerk of this court has also advised appellant by letter of his right to file a
response to counsel's brief. Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. 
See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). We carried the motion for
consideration with the merits of the appeal. Having considered the merits and finding no
reversible error, appellant's counsel's motion to withdraw is granted (2) and the trial court's
judgment is affirmed.

 

 Mackey K. Hancock

 Justice

 



Do not publish. 


 


 
1. The trial court's judgment shows appellant's name as Kyle Dan Dunn, but we will
be using the correct spelling of appellant's name as Kyle Dane Dunn. 
2. In granting counsel's motion to withdraw, however, we remind counsel to insure
that he has complied with the "educational" duty to inform appellant of his right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).



f community service. Appellant felt she had performed between 80
and 100 hours of community service. She had offered to show Matthews a record she kept
of her hours but was later unable to locate the document. On cross-examination appellant
admitted that these hours of community service would still not satisfy the court's
requirement that she perform ten hours per month. Appellant disputed Hogan's testimony
that she missed the first day of the required class, but did admit being late on the second
day.

 At the conclusion of the hearing the court found that appellant had violated the five
conditions of her community supervision and revoked it. It ordered her to serve the original
sentence imposed on her conviction. She filed a notice of appeal the same day and the
trial court appointed counsel on appeal. 

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief
thoroughly discusses the procedural history of the case and evidence presented. In
conformity with counsel's obligation to support the appeal to the best of his ability, Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses three
potential complaints on appeal and, citing authority, explains why none show reversible
error. Counsel also has filed a motion to withdraw and by letter informed appellant of her
rights to review the trial record and to file a pro se brief. Id. By letter dated November 2,
2003, this Court also notified appellant of her opportunity to submit a response to the
Anders brief and motion to withdraw filed by her counsel, granting her until December 3,
2003, to do so. This court's letter also reminded appellant to contact her counsel if she
needed to review any part of the appellate record to prepare a response. Appellant has not
filed a brief or other response. Nor has the State filed a brief in this appeal.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The three potential issues discussed in counsel's brief are: (1) the legal and factual
sufficiency of the evidence supporting the trial court's determination that appellant violated
the terms and conditions of her community supervision; (2) the denial of her motion to
recuse Judge Self; and (3) the trial court's failure to properly admonish appellant regarding
her pleas of true.

 Appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its
discretion in revoking community supervision if the State fails to meet its burden of proof. 
Cardona, 665 S.W.2d at 494. 

 In a revocation proceeding, the State must prove by a preponderance of the
evidence that appellant violated a condition of community supervision as alleged in the
motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial
judge in such a proceeding is the sole trier of fact. Taylor v. State, 604 S.W.2d 175, 179
(Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing alone,
is sufficient to support the revocation. Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim.App. 1979). 

 Despite the absence of a written stipulation of evidence, appellant's pleas of true to
two alleged violations of the conditions of her community supervision and evidence
presented at the hearing are sufficient to support the court's judgment. The record also
supports the court's findings that appellant was competent at the time of the hearing to
make the pleas and that they were made voluntarily. We need not separately address the
remaining allegations in the State's motion to revoke because when more than one
violation is alleged, proof of any one of them is sufficient to support the revocation. Moore
v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); Gobell v. State, 528 S.W.2d 223
(Tex.Crim.App. 1975); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston
[14th Dist.] 1990, pet. ref'd). (1)

 The second issue discussed in counsel's brief is the denial of appellant's motion to
recuse Judge Self from the revocation proceeding. The evidence presented at the hearing
on the motion to recuse established that Judge Self had represented appellant's ex-husband in a child custody modification proceeding approximately ten years earlier. It also
established her ex-husband's parents, the Pillows, had known Judge Self since high school
and the mother had worked on his election campaign. Appellant testified she was
concerned about Judge Self's ability to be impartial because of his relationship with the
Pillows family and that her children were living with her ex-husband's parents who, she felt,
wanted to prevent appellant from visiting the children. At the conclusion of that hearing the
judge assigned to hear the motion found no evidence Judge Self had a personal bias or
prejudice against appellant.

 Article 30.01 of the Code of Criminal Procedure (Vernon Supp. 2004) provides that
a judge may not hear any case in which he is the injured party, has represented a party,
or is related to a party by consanguinity or affinity within the third degree. The evidence
fails to establish any of those grounds for mandatory disqualification. Denials of motions
to recuse are reviewed for abuse of discretion. Kelly v. State, 18 S.W.3d 239, 242
(Tex.App.--Amarillo 2000, no pet). We agree with counsel that this evidence fails to
present a meritorious question on whether the denial of appellant's motion was an abuse
of discretion.

 The third issue discussed in counsel's brief concerns the trial court's admonition of
appellant with regard to her pleas of true. Counsel submits that the trial court's failure to
admonish appellant in accordance with the provisions of Article 26.13(a) of the Code of
Criminal Procedure (Vernon Supp. 2004) before accepting her plea of true to some of the
allegations in the motion to revoke may constitute error. He points out that in another
context the Court of Criminal Appeals has held Article 26.13(a) does not apply to
revocations of community supervision. Gutierrez v. State, 108 S.W.3d 304, 309
(Tex.Crim.App. 2003). The rationale of Gutierrez is applicable here. See Lanum v. State,
952 S.W.2d 36, 39 (Tex.App.-San Antonio 1997, no pet.). Moreover, Article 42.12, Section
21, governing revocation of community supervision, imposes none of the requirements of
Article 26.13(a). 

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. (2) See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court 


did not abuse its discretion in revoking appellant's community supervision. We grant
counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice


Do not publish. 
1. Counsel's brief concludes the evidence is not factually insufficient under the
standard adopted in Clewis v. State 922 S.W.2d 126 (Tex.Crim.App. 1996). However the
analysis in Clewis is not applicable to probation revocation proceedings. See Cochran v.
State, 78 S.W.3d 20, 27 (Tex.App.-Tyler 2002, no pet).
2. Our review is limited, though, to any issues related to revocation of appellant's
community supervision. Tex. Code Crim. Proc. art. 42.12 §23(b); see Manuel v. State, 994
S.W.2d 658, 661 (Tex.Crim.App. 1999).