**Opinion filed October 15, 2009**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00220-CR

_____

## JOHN ELLIS ROBERTS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 18th District Court**

**Johnson County, Texas**

**Trial Court Cause No. F39274**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating guilt. John Ellis Roberts originally entered a plea of guilty to the offense of possession of less than a gram of methamphetamine. Pursuant to the plea bargain agreement, adjudication of guilt was deferred, appellant was placed on community supervision for five years, and a $750 fine was imposed. After a hearing on the State's motion to adjudicate, the trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated appellant's guilt, and imposed a sentence of confinement for two years. The trial court suspended the imposition of the

sentence and placed appellant on "regular" community supervision for five years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous.

Counsel presents three arguable issues. In the first two, counsel examines the sufficiency of any admonishment given at the hearing on the motion to adjudicate. As counsel notes, the requirements of TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2009) are not applicable at the hearing on the motion to adjudicate. *Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974). We note that the record reflects that appellant was admonished in compliance with Article 26.13 at the time he entered his guilty plea. In the third issue, counsel addresses the punishment the trial court assessed after appellant was adjudicated. As counsel notes, the punishment was within the range authorized by the legislature for a state jail felony with a probated sentence. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp. 2009); TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2009); TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2009). A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd). The three arguable issues are overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals.

*Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to Tᴇx. R. Aᴘᴘ. P. 66.  *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

October 15, 2009

Do not publish.  *See* Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

3