Justin Ernest **HARRIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 48024, 48025.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Robert J. Pandak, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, & J. Ronald Young, Asst. Dist. Atty., and Buddy Stevens, Asst. State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of felony theft in Cause No. 48,024, and from an order revoking probation in Cause No. 48,025, in a joint proceeding. Punishment was assessed at seven years.

The sufficiency of the evidence is not challenged.

Appellant contends that the trial court failed to properly admonish him in accordance with Article 26.13, Vernon's Ann.C.C.P., and that such failure invalidates his conviction in Cause No. 48,024, and therefore the use of that conviction to revoke his probation in Cause No. 48,025 was an abuse of discretion. He further alleges that it was an abuse of discretion for the trial court to accept his plea of "true" in Cause No. 48,025 without first admonishing him in accordance with Article 26.13, supra.

■ Specifically, the appellant argues that the trial court failed to admonish him as to the range of punishment in the felony theft case. The record reflects that the trial court admonished the appellant in accordance with Article 26.13 except for the range of punishment in Cause No. 48,024 before accepting his plea of guilty. After the evidence was presented, the trial court entered its finding but withdrew it realizing that the appellant had not been admonished as to the range of punishment. After proper admonishment was made, the appellant was asked if he had anything else on which he wished to be heard. The trial court then entered its finding of guilty.

The above appears in the record as follows:

"THE COURT: Then in the indictment case, I hereby find you guilty. Based upon the evidence in the case, I find you guilty of this felony criminal offense of theft. And, lets see, before I do that, would you stand again. I don't believe that I admonished you as to the range of punishment in the case.

Now, Mr. Harris, you understand that when I set the punishment in this case, that I will set it within the range set by the Legislature and in the theft case it's two to ten and I will set it within the range of two to ten years, that I think just and right, do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Then with that admonition, is there anything else then to be heard in the case?

"MR. PANDAK: I have nothing on the merits.

"MR. YOUNG: Your Honor, by agreement with the defense counsel and with the State, it is stipulated the State may reveal this defendant's prior criminal record.

"THE COURT: Let me say, I think I need to find a finding. Based upon the evidence in the case, after having given him the range of punishment, that I do find him guilty of this felony charge of theft."

While the procedure used was not exactly in compliance with Article 26.13, supra, it would have been better for the trial court to have asked for the plea again and then to admonish appellant under the terms of the statute, we perceive no reversible error. See Vasquez v. State, Tex.Cr.App., 477 S.W.2d 629. Appellant's contention is overruled.

The appellant also contends that the admonishment was improper as to the revocation proceeding.

We hold that admonishments provided for in Article 26.13, supra, do not apply in revocation of probation proceedings.

Finally, appellant contends that the proof is insufficient to support the revocation. His argument is based on the premise that the admonishment in Cause No. 48,024 was insufficient and, therefore, that conviction could not be used to revoke his probation in Cause No. 48,025.

Having decided his first contention adversely to him, we need not discuss this final ground of error.

No reversible error being shown and no abuse of discretion having been found, the judgments are affirmed.