TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00453-CR

Warren Tod Morrison, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BEXAR COUNTY, 144TH JUDICIAL DISTRICT

NO. 96CR0270A, HONORABLE SUSAN D. REED, JUDGE PRESIDING

In December 1996, appellant Warren Tod Morrison was convicted on his guilty
plea and judicial confession to possessing more than one gram of methamphetamine. See Tex.
Health & Safety Code Ann. § 481.115(a), (c) (West Supp. 1998). Pursuant to a plea bargain
agreement, the district court assessed punishment at imprisonment for six years and a $1000 fine,
suspended imposition of sentence, and placed appellant on community supervision. In June 1997,
a hearing was held on the State's motion to revoke supervision. Appellant pleaded true to the
alleged violations. The court revoked supervision and imposed the original sentence.

In his only point of error, appellant contends the district court erred by failing to
admonish him in accordance with Code of Criminal Procedure article 26.13 before accepting his
plea of true at the revocation hearing. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (West
1994). This contention is without merit because article 26.13 does not apply to probation
revocation proceedings. Harris v. State, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); Lanum
v. State, 952 S.W.2d 36, 39 (Tex. App.--San Antonio 1997, no pet.). We note that appellant was
properly admonished in writing at the time he pleaded guilty. See Art. 26.13(d). The point of
error is overruled.

The judgment of conviction is affirmed.

 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: November 13, 1998

Do Not Publish