In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-532 CR


NO. 09-00-533 CR


____________________



DAMEUN TYRELL HEARD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 79963 and 81237






OPINION


 These separate appeals are consolidated in this opinion as they raise the identical
issue. In each case, appellant was placed on unadjudicated community supervision
following a negotiated plea to the court. In each case, the trial court followed the
punishment recommendation and placed appellant on unadjudicated community supervision
for eight (8) years. Less than a year later, the State filed separate motions to revoke the
unadjudicated community supervisions. At the adjudication proceeding, appellant pleaded
true to several alleged violations of his community supervision, was adjudicated guilty in
each case, and sentenced to confinement in the Institutional Division of the Texas
Department of Criminal Justice for terms of ten (10) years in each case. The single issue
in each case reads as follows: "In viewing the totality of the facts and circumstances
surrounding this case, did Appellant receive effective assistance of counsel, and was
Appellant's plea knowing and voluntary?" The brief of appellate counsel is unclear as to
whether his focus is on the original plea proceeding or the subsequent hearing on the
State's motion to adjudicate.

 The records before us reflect that the trial court did not grant permission to appeal. 
The general notice of appeal filed by appellant in each case does not comply with Tex. R.
App. P. 25.2(b)(3), as it must in order for appellant to prosecute his appeals from the plea-bargained unadjudicated community supervision orders. Cooper v. State, 45 S.W.3d 77,
81 (Tex. Crim. App. 2001); Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App.
1996). (1) Absent proper notices of appeal, we are deprived of jurisdiction to review even
matters that could have been raised had the notice been sufficient. Id.; Davis v. State, 870
S.W.2d 43, 46-47 (Tex. Crim. App. 1994). 

 Additionally, a defendant placed on unadjudicated community supervision may raise
issues related to the original plea proceeding, such as ineffective assistance of counsel or
evidentiary sufficiency, only in appeals taken when the unadjudicated community
supervision is imposed. Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). 
 Finally, any contention that either trial court error or ineffective assistance of
counsel occurred because appellant was not provided the admonishments contained in Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001) prior to his pleas of
"true" at the adjudication hearing is entirely misplaced. The Texas Court of Criminal
Appeals has expressly held article 26.13 does not apply in this context. Harris v. State,
505 S.W.2d 576, 578 (Tex. Crim. App. 1974). We therefore find no merit in the single
appellate issue presented to us in both appeals. The issue is overruled, and the judgments
and sentences of the trial court are affirmed.

 AFFIRMED.

 

 PER CURIAM


Submitted on September 28, 2001

Opinion Delivered October 10, 2001

Do Not Publish 

Before Walker, C.J., Burgess and Gaultney, JJ.
1. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).