MEMORANDUM OPINION

No. 04-05-00264-CR


Delfino GONZALEZ,Appellant


v.

The STATE of Texas ,

Appellee

From the 38th Judicial District Court, Medina County, Texas

Trial Court No. 02-06-8693-CR

Honorable Antonio G. Cantu , (1) Judge Presiding


Opinion by: Sarah B. Duncan, Justice

Sitting: Sarah B. Duncan , Justice

 Karen Angelini , Justice

 Sandee Bryan Marion , Justice



Delivered and Filed: March 8, 2006



AFFIRMED

 Delfino Gonzalez appeals the trial court's judgment revoking his community supervision and sentencing him to six years in
the Texas Department of Criminal Justice - Institutional Division. We affirm the trial court's judgment.

 Gonzalez was originally convicted of third-degree felony driving while intoxicated and sentenced to six years in prison;
however, his sentence was probated. Thereafter, the State moved to revoke, alleging a laundry list of violations. At the
ensuing hearing, when the case was called, Gonzalez's attorney presented an oral motion for continuance and then permitted
Gonzalez to argue that he wanted the continuance to settle a matter in Bexar County. After the State explained that the last
time it had agreed to release Gonzalez on a pretrial release Gonzalez had absconded, the court agreed it would not be wise
to let him go, thus implicitly overruling Gonzalez's motion. The court then asked Gonzalez if he had received a copy of the
motion to revoke. Although Gonzalez originally denied receiving a copy, he agreed he had seen it after his attorney stated to
the court that Gonzalez had been shown a copy. The court then asked Gonzalez if he understood the State was alleging he
had "violated the conditions in just about every way that [he] could" and offered to read the allegations to him. Gonzalez
answered he understood. The court then read five of the allegations in the motion to revoke and, in response to the court's
inquiries, Gonzalez stated each was true. When the court asked Gonzalez which of the remaining allegations was not true,
Gonzalez responded "they are all true" and then began to argue why he was entitled to a continuance and why he missed a
previous court date. When asked if the defense wanted to offer anything further, Gonzalez's attorney asked the court to not
pronounce sentence that day to permit Gonzalez to settle his affairs in Bexar County. When the State and Gonzalez's
attorney then began arguing about Gonzalez's previous abscondment, the court interrupted, pronouncing that, based on
Gonzalez's admissions, his community supervision was revoked. 

 1. Gonzalez first argues his constitutional right to due process was violated at the hearing on the motion to revoke because
the trial judge's examination of him deprived him of a neutral and detached fact finder. However, Gonzalez's complaint is
without merit. As is evident from the record, the trial judge simply asked Gonzalez how he wished to plead to the State's
allegations. Without being coerced or compelled, Gonzalez answered "true" and proceeded then to expound upon his
answer and other tangential matters.

 2. Gonzalez next argues his constitutional right to due process was violated because the trial court relieved the State of its
burden to prove its case by failing to ask Gonzalez, before proceeding on the motion to revoke, how he wished to plead and
whether he waived his right to have the State prove its case. However, since Gonzalez admitted that the State's allegations
were true, the State was not required to prove its case or produce evidence. See Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim. App. [Panel Op.] 1979).

 3. Gonzalez next argues his constitutional right to due process was violated by the trial court accepting his plea without
first determining he was competent (to ensure his plea was freely and voluntarily given) and without first admonishing him
as to the consequences of his plea. However, the court had no obligation to take these steps. See McDaniel v. State, 98
S.W.3d 704, 709-13 (Tex. Crim. App. 2003) (holding trial court is not required to inquire into a probationer's mental
competence at a revocation proceeding if the probationer does not raise the issue or raise it sufficiently); Harris v. State,
505 S.W.2d 576, 578 (Tex. Crim. App. 1974) (holding trial court is not required to admonish a probationer as to
consequences of plea to motion to revoke). 

 4. Finally, Gonzalez argues his Fifth Amendment privilege against self-incrimination was violated by the trial court by
compelling or coercing him to be a witness against himself. Again, however, the record does not support Gonzalez's
assertion. Gonzalez voluntarily answered that he was pleading true to the State's allegations and then expounded upon his
answers and other tangential matters. There is not even a suggestion that he was compelled or coerced to do so.

 The trial court's judgment is affirmed.

 Sarah B. Duncan, Justice



Do not publish

1. Sitting by assignment