**Opinion filed June 10, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-08-00299-CR

_____

## CHRISTOPHER LEE GOSWICK, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16215B**

### M E M O R A N D U M   O P I N I O N

Christopher Lee Goswick was convicted of bodily injury to a child and was sentenced to seven years confinement, probated for seven years and a $1,000 fine. The State filed a motion to revoke, alleging seven violations of the terms of his community supervision. The trial court found that six of the allegations were true, and it revoked Goswick's community supervision and sentenced him to seven years confinement. We affirm.

### I. *Background Facts*

Goswick pleaded not true to the State's allegations that he had been convicted of public intoxication, that he had failed to abstain from alcohol, and that he had failed to pay a monthly

fee to cover his court-appointed attorney's fees. Goswick pleaded "[t]rue with an explanation" to the State's allegations that he had tested positive for marihuana, that he had failed to notify his supervising officer within forty-eight hours of a new arrest, that he had failed to pay a $40 supervisor fee, and that he had failed to make a monthly payment for court costs and fees.

The State called Betty Almaguer, a community supervision officer. She testified that Goswick was arrested for public intoxication and that he entered a guilty plea the following day. She also testified that Goswick was in arrears on his monthly payments. Goswick testified in his own defense. He claimed that the public intoxication arrest was a mistake because he had had a seizure and the police officer mistook his condition for intoxication. He explained that the positive marihuana test was the result of marihuana he smoked prior to being placed on community supervision. He also testified that he had paid his fees while employed but that he lost his full-time job because of his seizure disorder.

## II. *Issues*

Goswick presents three issues to challenge the revocation of his community supervision. First, he argues that the trial court erred by not admonishing him of the effects of a plea of true in a community supervision revocation hearing. In his second issue, he asserts that the trial court had insufficient evidence to find the State's allegations to be true. Finally, Goswick argues that his counsel provided ineffective assistance.

## III. *Admonishment*

Goswick contends that his due process rights were violated because the trial court failed to admonish him as to the effect of his pleas of "[t]rue with an explanation." Goswick claims that it is apparent from the record that he did not understand how his pleas would be construed and that this misunderstanding denied him due process.

Trial courts are statutorily required to admonish a defendant of the consequences of entering a plea of guilty prior to accepting the plea. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2009). However, Article 26.13 does not apply to revocation proceedings, and the trial court is not required to admonish the defendant as to the consequences of his plea of true. *See Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); *Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.). Goswick acknowledges this but contends that the trial court was still required to ensure that any waiver of rights was voluntarily, knowingly, and intelligently done. *See* TEX. CODE CRIM. PROC. ANN. art. 1.05 (Vernon 2005). The trial

2

court complied with Article 1.05. It admonished Goswick of his right not to testify, and it confirmed that he understood the proceedings and potential consequences.

Moreover, Goswick has shown no harm. There is no indication in the record that the trial court revoked his community supervision based upon his plea. Goswick was allowed to fully explain his response to the State's allegations, and there is ample evidence without regard to his plea to support the trial court's judgment. Issue One is overruled.

IV. *Sufficiency of the Evidence*

Goswick also alleges that the trial court abused its discretion by revoking his community supervision because the trial court did not have sufficient evidence to determine that Goswick violated a condition of his community supervision. Goswick's argument presupposes that the trial court could not rely upon his qualified pleas of true; without these pleas, Goswick concludes that the trial court could not revoke his probation.

We review a trial court's order revoking probation under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State is required to prove by a preponderance of the evidence that the defendant violated a condition of his community supervision. A single violation is sufficient to support a revocation. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). We view the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

Almaguer, Goswick's current supervision officer, testified that her records indicated that Goswick had been arrested for, and pleaded guilty to, public intoxication. She also testified that Goswick was delinquent in his monthly payments. Goswick denied drinking prior to his arrest. He claimed that he entered a guilty plea on the advice of his bondsman. Goswick explained that he suffered from seizures as the result of a prior accident involving alcohol, that a seizure had caused him to be confused, and that the arresting officer mistook this for inebriation. He explained that he was behind in his payments because he was currently unemployed. Goswick admitted that he tested positive for marihuana but claimed that this was because of marihuana he smoked prior to being placed on community supervision. Goswick was placed on community supervision on November 1, 2007. He tested positive on December 21, 2007.

The court was free to find Almaguer's testimony more credible than Goswick's and to reject his explanations. If so, that testimony is sufficient to support the trial court's judgment even without any reference to Goswick's plea. Issue Two is overruled.

3

## V. *Ineffective Assistance*

Goswick's final argument is that his trial counsel rendered ineffective assistance by leading him to enter qualified pleas of true. To determine whether counsel rendered ineffective assistance, we must first determine whether Goswick has shown that counsel's representation fell below an objective standard of reasonableness and, if so, whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When counsel has not had an opportunity to explain his actions, we must presume that the challenged action might be part of an overall strategic plan. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Normally, the record on direct appeal will be insufficient to overcome this presumption – for Goswick must establish that counsel's performance would have been unacceptable regardless of any trial strategy. *Id.* at 814.

We do not have a sufficiently developed record to hold that counsel's performance was deficient. There is nothing in the record establishing that counsel actually advised Goswick to plead true with explanations or that counsel did not explain to Goswick the ramifications of such a pleading. Without this evidence, Goswick cannot overcome the presumption that his counsel performed competently. Furthermore, Goswick cannot meet the second prong of *Strickland* because the outcome would have been the same even if the trial court had disregarded all of Goswick's pleas of true. Goswick's third issue is overruled.

## VI. *Conclusion*

The judgment of the trial court is affirmed.

RICK STRANGE
JUSTICE

June 10, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.