Opinion filed June 10,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00299-CR 

                                                    __________

 

                         CHRISTOPHER
LEE GOSWICK, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 16215B

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Christopher
Lee Goswick was convicted of bodily injury to a child and was sentenced to
seven years confinement, probated for seven years and a $1,000 fine.  The State
filed a motion to revoke, alleging seven violations of the terms of his
community supervision.  The trial court found that six of the allegations were
true, and it revoked Goswick’s community supervision and sentenced him to seven
years confinement.  We affirm.

I.  Background
Facts

Goswick
pleaded not true to the State’s allegations that he had been convicted of
public intoxication, that he had failed to abstain from alcohol, and that he
had failed to pay a monthly fee to cover his court-appointed attorney’s fees.  Goswick
pleaded “[t]rue with an explanation” to the State’s allegations that he had
tested positive for marihuana, that he had failed to notify his supervising
officer within forty-eight hours of a new arrest, that he had failed to pay a
$40 supervisor fee, and that he had failed to make a monthly payment for court
costs and fees.

The
State called Betty Almaguer, a community supervision officer.  She testified
that Goswick was arrested for public intoxication and that he entered a guilty
plea the following day. She also testified that Goswick was in arrears on his
monthly payments.  Goswick testified in his own defense.  He claimed that the
public intoxication arrest was a mistake because he had had a seizure and the
police officer mistook his condition for intoxication.  He explained that the
positive marihuana test was the result of marihuana he smoked prior to being
placed on community supervision.  He also testified that he had paid his fees
while employed but that he lost his full-time job because of his seizure
disorder.

II. 
Issues

Goswick
presents three issues to challenge the revocation of his community
supervision.  First, he argues that the trial court erred by not admonishing
him of the effects of a plea of true in a community supervision revocation
hearing.  In his second issue, he asserts that the trial court had insufficient
evidence to find the State’s allegations to be true.  Finally, Goswick argues
that his counsel provided ineffective assistance.

III. 
Admonishment

Goswick
contends that his due process rights were violated because the trial court failed
to admonish him as to the effect of his pleas of “[t]rue with an explanation.”  Goswick
claims that it is apparent from the record that he did not understand how his
pleas would be construed and that this misunderstanding denied him due process.

Trial
courts are statutorily required to admonish a defendant of the consequences of
entering a plea of guilty prior to accepting the plea.  Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2009).  However,
Article 26.13 does not apply to revocation proceedings, and the trial court is
not required to admonish the defendant as to the consequences of his plea of
true.  See Harris v. State, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); Lanum
v. State, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.).  Goswick
acknowledges this but contends that the trial court was still required to
ensure that any waiver of rights was voluntarily, knowingly, and intelligently
done.  See Tex. Code Crim. Proc.
Ann. art. 1.05 (Vernon 2005).  The trial court complied with Article
1.05.  It admonished Goswick of his right not to testify, and it confirmed that
he understood the proceedings and potential consequences.

Moreover,
Goswick has shown no harm.  There is no indication in the record that the trial
court revoked his community supervision based upon his plea.  Goswick was
allowed to fully explain his response to the State’s allegations, and there is
ample evidence without regard to his plea to support the trial court’s
judgment.  Issue One is overruled.

IV. 
Sufficiency of the Evidence

Goswick
also alleges that the trial court abused its discretion by revoking his
community supervision because the trial court did not have sufficient evidence
to determine that Goswick violated a condition of his community supervision. 
Goswick’s argument presupposes that the trial court could not rely upon his
qualified pleas of true; without these pleas, Goswick concludes that the trial
court could not revoke his probation.

We review a trial court’s order revoking probation under an
abuse of discretion standard. See Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006).  The State is
required to prove by a preponderance of the evidence that the defendant
violated a condition of his community supervision.  A single violation is
sufficient to support a revocation.  O’Neal v. State, 623 S.W.2d 660,
661 (Tex. Crim. App. 1981).  We view the evidence in the light most favorable
to the trial court’s ruling.  Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. 1981).

Almaguer, Goswick’s current supervision officer, testified
that her records indicated that Goswick had been arrested for, and pleaded
guilty to, public intoxication.  She also testified that Goswick was delinquent
in his monthly payments.  Goswick denied drinking prior to his arrest. He claimed
that he entered a guilty plea on the advice of his bondsman.  Goswick explained
that he suffered from seizures as the result of a prior accident involving
alcohol, that a seizure had caused him to be confused, and that the arresting
officer mistook this for inebriation.  He explained that he was behind in his
payments because he was currently unemployed.  Goswick admitted that he tested
positive for marihuana but claimed that this was because of marihuana he smoked
prior to being placed on community supervision.  Goswick was placed on
community supervision on November 1, 2007.  He tested positive on December 21,
2007.

The court was free to find Almaguer’s testimony more
credible than Goswick’s and to reject his explanations.  If so, that testimony
is sufficient to support the trial court’s judgment even without any reference
to Goswick’s plea.  Issue Two is overruled.




 

V. 
Ineffective Assistance

Goswick’s
final argument is that his trial counsel rendered ineffective assistance by
leading him to enter qualified pleas of true.  To determine whether counsel
rendered ineffective assistance, we
must first determine whether Goswick has shown that counsel’s representation
fell below an objective standard of reasonableness and, if so, whether there is
a reasonable probability that the result would have been different but for
counsel’s errors.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  When
counsel has not had an opportunity to explain his actions, we must presume that
the challenged action might be part of an overall strategic plan.  Thompson
v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).  Normally, the record
on direct appeal will be insufficient to overcome this presumption – for Goswick
must establish that counsel’s performance would have been unacceptable
regardless of any trial strategy.  Id. at 814.  

We
do not have a sufficiently developed record to hold that counsel’s performance
was deficient.  There is nothing in the record establishing that counsel
actually advised Goswick to plead true with explanations or that counsel did
not explain to Goswick the ramifications of such a pleading.  Without this
evidence, Goswick cannot overcome the presumption that his counsel performed competently. 
Furthermore, Goswick cannot meet the second prong of Strickland because
the outcome would have been the same even if the trial court had disregarded
all of Goswick’s pleas of true.  Goswick’s third issue is overruled.

VI. 
Conclusion

            The
judgment of the trial court is affirmed.

            

 

RICK STRANGE

JUSTICE

 

June 10, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.