

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00048-CR

_____

SAMMUEL STAFFORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 29704-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After having been indicted for aggravated sexual assault,[1] Sammuel Stafford entered into a plea bargain agreement with the State, entering a plea of guilty to the lesser offense of indecency with a child. Pursuant to the plea bargain agreement, the trial court deferred the adjudication and placed Stafford on community supervision for ten years. After Stafford had been on community supervision for six and a half years of that ten-year term, the State moved to adjudicate guilt on the underlying charge of indecency with a child, alleging that Stafford had violated four conditions of his community supervision, including his failure to properly register as a sex offender. In addition to filing this motion to adjudicate, the State also charged Stafford with the separate offense of failing to register as a sex offender.[2] Stafford entered a plea of "true" to the allegations contained in the motion to adjudicate and further entered an open plea of "guilty" to the new charge of failing to register as a sex offender. The trial court accepted both of Stafford's pleas and sentenced him to five years for the underlying charge of indecency with a child and assessed a penalty of five years' confinement for failing to register as a sex offender, both sentences to be served concurrently.

On appeal, Stafford argues that: (1) his plea of "true" to the offense as the basis of the revocation of his community supervision was not knowingly and voluntarily entered; (2) his plea of "guilty" for failure to register was not knowingly and voluntarily entered; and (3) the trial court

---

[1]Cause number 29704-A.

[2]Cause number 38872-A.

2

violated his right to be free from double jeopardy by using the offense of failing to register as a sex offender as the basis for revoking his community supervision while also using that same conduct to find him guilty of failure to register as a sex offender.

We affirm the trial court's judgment because: (1) the admonishment requirements do not apply to revocation proceedings; (2) the trial court is not required to admonish Stafford regarding all of the possible collateral consequences of his plea; and (3) Stafford was not placed in double jeopardy.

*Admonishment Requirements Are Not Applicable to Revocation Proceedings*

In its application to adjudicate on the underlying offense of indecency with a child, the State alleged that Stafford violated four conditions of his community supervision, including failing to register as a sex offender. At the revocation hearing, Stafford pled "true" to the allegations. In his first point of error, Stafford contends that his plea of "true" was not entered knowingly and voluntarily because the trial court did not first admonish him regarding the "range of punishment for the revocation offense of Indecency with a Child."

Stafford argues that in order for his plea of "true" to be knowing and voluntary, Article 27.13 of the Texas Code of Criminal Procedure requires that the trial court admonish him of the range of punishment attached to the offense of indecency with a child, as stated in Article

26.13(a)(1).[3] TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2010). Article 27.13

of the Texas Code of Criminal Procedure states as follows:

> A plea of "guilty" or a plea of "nolo contendere" in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13 [admonishments to be given a defendant upon a plea of guilty, including range of punishment], 26.14 [jury on guilty plea] and 27.02 [various pleas and motions a defendant may file/enter]. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15.

TEX. CODE CRIM. PROC. ANN. art. 27.13 (Vernon 2006). By its clear language, Article 27.13

applies only to pleas of guilty or nolo contendere made to a felony charge; there is no indication the

statute applies to pleas made at revocation proceedings. The admonishment requirements of

Article 27.13 do not apply to community supervision revocation proceedings. *Gutierrez v. State*,

108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003); *see also Harris v. State*, 505 S.W.2d 576 (Tex.

Crim. App. 1974) (statute requiring certain admonishments be given prior to acceptance of guilty

pleas inapplicable in community supervision revocation proceedings). Accordingly, Stafford's

first point of error is overruled.

---

[3]Even though Stafford does not contest the voluntariness of his original plea of guilty to indecency with a child, on appeal, he contends that "[t]here was no mention of the punishment range for indecency with a child." There is no mention of the punishment range during the revocation proceeding. However, the record from April 11, 2003, shows a written admonishment that Stafford faced a "term of not more than 20 years or less than 2 years . . . and in addition, a fine not to exceed $10,000," and during the hearing, the trial court reiterated that Stafford faced a possible sentence "up to 20 years in prison and a $10,000 fine." Stafford acknowledged that he reviewed and understood the admonishment. Therefore, as it regards Stafford's original plea of guilty, the trial court substantially complied with Article 27.13 and Article 26.13(a)(1).

4

*There Is No Requirement to Admonish as to Collateral Consequences*

As a result of his community supervision violations, Stafford was charged with the separate crime of failing to register as a sex offender, a charge to which he entered a plea of "guilty." In his second point of error, Stafford argues that his guilty plea was not knowing and voluntary because the trial court failed to inform him of the consequences that his plea could reap in regard to parole and future punishment enhancements.

In assessing the voluntariness of a plea, we review the record as a whole and consider the totality of the circumstances. *Morrow v. State*, 139 S.W.3d 736, 744 (Tex. App.—Texarkana 2004, no pet.) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)). Due process requires that a defendant's guilty plea not only be voluntary, but "be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). Texas law specifically states, "No plea of guilty . . . shall be accepted by the court unless it appears that . . . the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 2010). This requirement assures that each defendant who pleads guilty to a criminal offense does so with a full understanding of charges and the direct consequences of his plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). On the other hand, ignorance of a collateral consequence of such a plea does not render it involuntary. *Id.* A

5

consequence is "collateral" if it is not a definite, practical consequence of a defendant's guilty plea. *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir. 1973).

Here, although Stafford argues that he "was not fully informed of the consequences of his plea," he fails to identify whether he believes it would be his trial counsel or the trial court who bore the burden of informing him. Stafford fails to cite to any caselaw indicating that either the trial court or his trial counsel was required to inform him that a guilty plea could be used to enhance future punishments or affect any possibility of parole, and we are aware of none. Contrarily, courts have characterized "possible enhancement of punishment . . . as 'collateral consequences' of which a defendant does not have to be knowledgeable before his plea is considered knowing and voluntary." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citations omitted). Parole has been held to be too "speculative [in] nature" to have legal importance on the subject of voluntariness of a guilty plea. *Ex parte Evans*, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985). Therefore, we overrule Stafford's second point of error.

*No Double Jeopardy Exists for Stafford Here*

In his final point of error, Stafford contends that his right to be free from double jeopardy was violated because he was convicted and/or punished twice for his failure to register as a sex offender: one time as a violation of his terms of community supervision and again as a stand-alone and separately charged offense.

Our founding fathers recognized that allowing the authorities to subject citizens to multiple trials for the same offense "would arm Government with a potent weapon of oppression." *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977)). Both the Fifth Amendment to the United States Constitution and Article I, Section 14 of the Texas Constitution prohibit double jeopardy and thereby protect individuals from being tried twice for the same offense, possibly receiving double punishments for the same act. *Albernaz v. United States*, 450 U.S. 333, 343 (1981); *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Stephens*, 806 S.W.2d at 814–15. A multiple punishments double jeopardy claim can arise in two contexts. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). The first of these is in the lesser-included offense context, where the same conduct is punished twice, "once for the basic conduct, and [another] time for that same conduct plus more." *Id*. The second context occurs where a defendant is punished for the same criminal act twice under two distinct statutes when the law-making body intended the conduct to be punished only once. *Id*.

Stafford cites *Ex parte Tarver* as being the controlling authority in this case. In *Tarver*, the State moved to revoke the defendant's probation because he allegedly committed an assault, violating a condition of his probation. *Ex parte Tarver*, 725 S.W.2d 195, 196 (Tex. Crim. App. 1986). Based on the same facts, the State also separately charged the defendant with assault. *Id*. In denying the State's motion to revoke, the trial court found the State's allegation to be "not true"

and the evidence to be "totally incredible." *Id.* at 196, 200. When the State then attempted to

continue its prosecution for the separate assault charge, the defendant filed a pretrial application

for writ of habeas corpus, but the trial court denied the writ. *Id.* at 196–97.

On appeal, the Texas Court of Criminal Appeals held that the factual findings made in the

probation revocation proceeding collaterally estopped the State from prosecuting the defendant for

assault and that further prosecution would violate his right to be free from double jeopardy.[4] *Id.* at

197. The court acknowledged that, strictly speaking, the Double Jeopardy Clause is not

implicated when the State prosecutes a defendant for a crime after using the crime as a basis for

having the defendant's probation revoked:

> The double jeopardy proscription of the Fifth Amendment to the United States
> Constitution protects an accused against being twice placed in jeopardy of
> punishment for "the same offence." In the instant case, if the district court had
> revoked applicant's probation, the punishment he received would have been for the
> offense of which he was originally convicted, possession of cocaine. In the county
> criminal court at law, applicant faces the risk of being punished for the subsequent
> offense, assault. He is not, therefore, being twice placed in jeopardy for the same
> offense.

*Id.* Nevertheless, citing *Swisher v. Brady*, 438 U.S. 204, 216 (1978), the court held that allowing

the prosecution would implicate "one of the risks the Double Jeopardy clauses [sic] protects

against":

> [T]he district court found that the allegation the State sought to prove in the
> revocation hearing, that applicant had assaulted the complainant, is not true. The

---

[4]The court acknowledged that the constitutional basis for applying collateral estoppel to criminal proceedings is the Double Jeopardy Clause of the Fifth Amendment. *See Tarver*, 725 S.W.2d at 199.

8

State is now attempting to relitigate that same issue. The doctrine of collateral estoppel bars such a relitigation.

*Tarver*, 725 S.W.2d at 198–99.

In *Tarver*, on a motion to revoke probation, the trial court had specifically found the evidence of assault to be not credible and the allegations that the defendant violated his probation to be not true. The Texas Court of Criminal Appeals emphasized that the trial court's factual findings were the basis of its decision and that it was only in these "particular circumstances" that the findings in a revocation proceeding would bar future prosecution for the same offense.[5] *Id.* at 200. Here, the trial court made no such factual findings. Therefore, *Tarver* is distinguishable; we overrule Stafford's third point of error.

We affirm the judgment of the trial court.


Bailey C. Moseley

---

[5] The Texas Court of Criminal Appeals cautioned against the expansion of the *Tarver* decision:

> We emphasize the narrowness of this holding. A mere overruling of a State's motion to revoke probation is not a fact-finding that will act to bar subsequent prosecution for the same alleged offense. A trial court in a motion to revoke probation hearing has wide discretion to modify, revoke, or continue the probation. A court may continue or modify the probation even though finding that the allegations in the motion to revoke probation are true. A trial court's decision either to revoke or continue a probationer's probation may involve no fact-finding. It is only in the particular circumstances of this case, where the trial court does make a specific finding of fact that the allegation is "not true," that a fact has been established so as to bar relitigation of that same fact. Furthermore, an acquittal of the offense will not bar a subsequent revocation of probation based on the same allegation.

*Id.* at 200 (citations omitted).

Justice

Date Submitted:    January 12, 2011
Date Decided:     January 27, 2011

Do Not Publish