In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00048-CR

                                                ______________________________

 

 

                                    SAMMUEL STAFFORD,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 29704-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            After
having been indicted for aggravated sexual assault,[1]
Sammuel Stafford entered into a plea bargain agreement with the State, entering
a plea of guilty to the lesser offense of indecency with a child.  Pursuant to the plea bargain agreement, the
trial court deferred the adjudication and placed Stafford on community supervision
for ten years.  After Stafford had been
on community supervision for six and a half years of that ten-year term, the
State moved to adjudicate guilt on the underlying charge of indecency with a
child, alleging that Stafford had violated four conditions of his community
supervision, including his failure to properly register as a sex offender.  In addition to filing this motion to
adjudicate, the State also charged Stafford with the separate offense of
failing to register as a sex offender.[2]  Stafford entered a plea of “true” to the
allegations contained in the motion to adjudicate and further entered an open
plea of “guilty” to the new charge of failing to register as a sex
offender.  The trial court accepted both
of Stafford’s pleas and sentenced him to five years for the underlying charge
of indecency with a child and assessed a penalty of five years’ confinement for
failing to register as a sex offender, both sentences to be served
concurrently.  

            On
appeal, Stafford argues that:  (1) his
plea of “true” to the offense as the basis of the revocation of his community
supervision was not knowingly and voluntarily entered; (2) his plea of “guilty”
for failure to register was not knowingly and voluntarily entered; and (3) the
trial court violated his right to be free from double jeopardy by using the
offense of failing to register as a sex offender as the basis for revoking his
community supervision while also using that same conduct to find him guilty of failure
to register as a sex offender.

            We
affirm the trial court’s judgment because:  (1) the admonishment requirements do not apply
to revocation proceedings; (2) the trial court is not required to admonish
Stafford regarding all of the possible collateral consequences of his plea; and
(3) Stafford was not placed in double jeopardy.

Admonishment Requirements Are Not Applicable to Revocation Proceedings

            In
its application to adjudicate on the underlying offense of indecency with a
child, the State alleged that Stafford violated four conditions of his community
supervision, including failing to register as a sex offender.  At the revocation hearing, Stafford pled “true”
to the allegations.  In his first point
of error, Stafford contends that his plea of “true” was not entered knowingly
and voluntarily because the trial court did not first admonish him regarding
the “range of punishment for the revocation offense of Indecency with a Child.”
 

            Stafford
argues that in order for his plea of “true” to be knowing and voluntary,
Article 27.13 of the Texas Code of Criminal Procedure requires that the trial
court admonish him of the range of punishment attached to the offense of
indecency with a child, as stated in Article 26.13(a)(1).[3]  Tex.
Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2010).  Article 27.13 of the Texas Code of Criminal
Procedure states as follows:

A plea of “guilty” or a plea of “nolo contendere”
in a felony case must be made in open court by the defendant in person; and the
proceedings shall be as provided in Articles 26.13 [admonishments to be given a
defendant upon a plea of guilty, including range of punishment], 26.14 [jury on
guilty plea] and 27.02 [various pleas and motions a defendant may file/enter].  If the plea is before the judge alone, same
may be made in the same manner as is provided for by Articles 1.13 and 1.15.

 

Tex.
Code Crim. Proc. Ann. art. 27.13 (Vernon 2006).  By its clear language, Article 27.13 applies
only to pleas of guilty or nolo contendere made to a felony charge; there is no
indication the statute applies to pleas made at revocation proceedings.  The admonishment requirements of Article
27.13 do not apply to community supervision revocation proceedings.  Gutierrez
v. State, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003); see also Harris v. State, 505 S.W.2d 576 (Tex. Crim. App. 1974) (statute
requiring certain admonishments be given prior to acceptance of guilty pleas
inapplicable in community supervision revocation proceedings).  Accordingly, Stafford’s first point of error
is overruled.

There Is No Requirement to Admonish as to
Collateral Consequences

            As a result of his community
supervision violations, Stafford was charged with the separate crime of failing
to register as a sex offender, a charge to which he entered a plea of “guilty.”  In his second point of error, Stafford argues
that his guilty plea was not knowing and voluntary because the trial court
failed to inform him of the consequences that his plea could reap in regard to
parole and future punishment enhancements. 


            In
assessing the voluntariness of a plea, we review the record as a whole and
consider the totality of the circumstances.  Morrow
v. State, 139 S.W.3d 736, 744 (Tex. App.––Texarkana 2004, no pet.) (citing Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998)).  Due process
requires that a defendant’s guilty plea not only be voluntary, but “be knowing,
intelligent acts done with sufficient awareness of the relevant circumstances
and likely consequences.”  Brady v. United States, 397 U.S. 742,
748 (1970); Mitschke v. State, 129
S.W.3d 130, 136 (Tex. Crim. App. 2004). 
Texas law specifically states, “No plea of guilty . . . shall be
accepted by the court unless it appears that . . . the plea is free and
voluntary.”  Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2010).  This requirement assures that each defendant
who pleads guilty to a criminal offense does so with a full understanding of
charges and the direct consequences of his plea.  State v.
Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).  On the other hand, ignorance of a collateral
consequence of such a plea does not render it involuntary.  Id.  A consequence is “collateral” if it is not a
definite, practical consequence of a defendant’s guilty plea.  Cuthrell
v. Director, Patuxent Inst., 475 F.2d 1364, 1366 (4th Cir. 1973).

            Here,
although Stafford argues that he “was not fully informed of the consequences of
his plea,” he fails to identify whether he believes it would be his trial
counsel or the trial court who bore the burden of informing him.  Stafford fails to cite to any caselaw
indicating that either the trial court or his trial counsel was required to
inform him that a guilty plea could be used to enhance future punishments or
affect any possibility of parole, and we are aware of none. Contrarily, courts
have characterized “possible enhancement of punishment . . . as ‘collateral
consequences’ of which a defendant does not have to be knowledgeable before his
plea is considered knowing and voluntary.”  Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citations omitted).  Parole has been held to be too “speculative [in]
nature” to have legal importance on the subject of voluntariness of a guilty
plea.  Ex parte Evans, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985).  Therefore, we overrule Stafford’s second
point of error. 

No Double Jeopardy Exists for Stafford Here

            In
his final point of error, Stafford contends that his right to be free from
double jeopardy was violated because he was convicted and/or punished twice for
his failure to register as a sex offender:  one time as a violation of his terms of
community supervision and again as a stand-alone and separately charged
offense.  

            Our
founding fathers recognized that allowing the authorities to subject citizens
to multiple trials for the same offense “would arm Government with a potent
weapon of oppression.”  Stephens v. State, 806 S.W.2d 812, 816
(Tex. Crim. App. 1990) (quoting United
States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977)).  Both the Fifth Amendment to the United States
Constitution and Article I, Section 14 of the Texas Constitution prohibit
double jeopardy and thereby protect individuals from being tried twice for the
same offense, possibly receiving double punishments for the same act.  Albernaz
v. United States, 450 U.S. 333, 343 (1981); Illinois v. Vitale, 447 U.S. 410, 415 (1980); Stephens, 806 S.W.2d at 814–15. 
A multiple punishments double jeopardy claim can arise in two
contexts.  Langs v. State, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).  The first of these is in the lesser-included
offense context, where the same conduct is punished twice, “once for the basic
conduct, and [another] time for that same conduct plus more.”  Id.  The second context occurs where a defendant
is punished for the same criminal act twice under two distinct statutes when
the law-making body intended the conduct to be punished only once.  Id.

            Stafford
cites Ex parte Tarver as being the
controlling authority in this case.  In Tarver, the State moved to revoke the
defendant’s probation because he allegedly committed an assault, violating a
condition of his probation.  Ex parte Tarver, 725 S.W.2d 195, 196 (Tex. Crim. App. 1986).  Based on the same facts, the State also
separately charged the defendant with assault. 
Id.  In denying the State’s motion to revoke, the
trial court found the State’s allegation to be “not true” and the evidence to
be “totally incredible.”  Id. at 196, 200.  When the State then attempted to continue its
prosecution for the separate assault charge, the defendant filed a pretrial application
for writ of habeas corpus, but the trial court denied the writ.  Id.
at 196–97.  

            On
appeal, the Texas Court of Criminal Appeals held that the factual findings made
in the probation revocation proceeding collaterally estopped the State from
prosecuting the defendant for assault and that further prosecution would
violate his right to be free from double jeopardy.[4]  Id.
at 197.  The court acknowledged that,
strictly speaking, the Double Jeopardy Clause is not implicated when the State
prosecutes a defendant for a crime after using the crime as a basis for having
the defendant’s probation revoked:

The double jeopardy proscription of the Fifth
Amendment to the United States Constitution protects an accused against being
twice placed in jeopardy of punishment for “the same offence.”  In the instant case, if the district court had
revoked applicant’s probation, the punishment he received would have been for
the offense of which he was originally convicted, possession of cocaine.  In the county criminal court at law, applicant
faces the risk of being punished for the subsequent offense, assault.  He is not, therefore, being twice placed in
jeopardy for the same offense.

 

Id.  Nevertheless, citing Swisher v. Brady, 438 U.S. 204, 216 (1978),
the court held that allowing the prosecution would implicate “one of the risks
the Double Jeopardy clauses [sic] protects against”: 

[T]he district court found that the allegation the
State sought to prove in the revocation hearing, that applicant had assaulted
the complainant, is not true.  The State
is now attempting to relitigate that same issue.  The doctrine of collateral estoppel bars such
a relitigation.

 

Tarver, 725 S.W.2d at 198–99. 


            In Tarver, on a motion to revoke probation,
the trial court had specifically found the evidence of assault to be not
credible and the allegations that the defendant violated his probation to be
not true.  The Texas Court of Criminal
Appeals emphasized that the trial court’s factual findings were the basis of
its decision and that it was only in these “particular circumstances” that the
findings in a revocation proceeding would bar future prosecution for the same
offense.[5]
 Id.
at 200.  Here, the trial court made no such
factual findings.  Therefore, Tarver is distinguishable; we overrule
Stafford’s third point of error.   

            We
affirm the judgment of the trial court.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January
12, 2011

Date Decided:             January
27, 2011

 

Do Not Publish 











[1]Cause
number 29704-A.

 





[2]Cause
number 38872-A.





[3]Even
though Stafford does not contest the voluntariness of his original plea of
guilty to indecency with a child, on appeal, he contends that “[t]here was no
mention of the punishment range for indecency with a child.”  There is no mention of the punishment range
during the revocation proceeding. 
However, the record from April 11, 2003, shows a written admonishment
that Stafford faced a “term of not more than 20 years or less than 2 years . .
. and in addition, a fine not to exceed $10,000,” and during the hearing, the
trial court reiterated that Stafford faced a possible sentence “up to 20 years
in prison and a $10,000 fine.”  Stafford
acknowledged that he reviewed and understood the admonishment.  Therefore, as it regards Stafford’s original
plea of guilty, the trial court substantially complied with Article 27.13 and
Article 26.13(a)(1). 





[4]The
court acknowledged that the constitutional basis for applying collateral
estoppel to criminal proceedings is the Double Jeopardy Clause of the Fifth
Amendment.  See Tarver, 725 S.W.2d at 199.





[5]
The Texas Court of Criminal Appeals cautioned against the expansion of the Tarver decision:

 

We emphasize the narrowness of
this holding.  A mere overruling of a
State’s motion to revoke probation is not a fact-finding that will act to bar
subsequent prosecution for the same alleged offense. A trial court in a motion
to revoke probation hearing has wide discretion to modify, revoke, or continue
the probation.  A court may continue or
modify the probation even though finding that the allegations in the motion to
revoke probation are true.  A trial court’s
decision either to revoke or continue a probationer’s probation may involve no
fact-finding.  It is only in the
particular circumstances of this case, where the trial court does make a
specific finding of fact that the allegation is “not true,” that a fact has
been established so as to bar relitigation of that same fact. Furthermore, an
acquittal of the offense will not bar a subsequent revocation of probation
based on the same allegation. 

 

Id. at 200
(citations omitted).