

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00645-CV

### IN THE MATTER OF T.A.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-JUV-02850
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  October 9, 2013

AFFIRMED

T.A. appeals the trial court's judgment revoking his community supervision, asserting the trial court committed fundamental error by: (1) failing to admonish him regarding the immigration consequences of his plea of true to violations alleged in the State's motion to revoke; and (2) revoking his community supervision based on a motion to revoke that was filed before his community supervision was transferred to district court. We affirm the trial court's judgment.

### BACKGROUND

The State filed an original petition alleging T.A., a juvenile, engaged in delinquent conduct, and a grand jury certified the petition with regard to two counts of indecency with a child and two counts of aggravated sexual assault. The State waived and abandoned all counts except one count

of aggravated sexual assault. Pursuant to a plea bargain, T.A. pled true to this count and, on November 2, 2009, was assessed a ten year determinate sentence which was probated for ten years.

In October of 2010, the State filed a motion to transfer the determinate sentence probation to an appropriate adult district court. The motion stated that T.A.'s date of birth was November 21, 1992, and he was currently seventeen years of age. The motion further stated that section 54.051 of the Texas Family Code allowed the court to continue T.A.'s probation after his 18th birthday and to transfer his supervision to an appropriate adult district court for the remainder of his probation period. After a hearing, the trial court signed an order on November 5, 2010, transferring T.A.'s supervision to an adult district court on November 21, 2010, which was T.A.'s 18th birthday.

On February 22, 2012, the State filed a motion to revoke T.A.s' community supervision, alleging numerous violations of the conditions of his community supervision. On July 13, 2012, the State filed a nunc pro tunc motion, noting that the order transferring T.A.'s supervision to an adult district court had transposed T.A.'s name in the style of the order to A.T. A hearing was held on the State's motions on August 17, 2012. The trial court granted the nunc pro tunc motion and corrected the style of the prior order transferring T.A.'s community supervision. T.A. pled true to two of the alleged violations, and the trial court revoked his community supervision and sentenced him to ten years' imprisonment.

## TRANSFER ORDER

In his second issue, T.A. contends the trial court "committed fundamental error in revoking the appellant's adult probation on August 17, 2012, based upon a motion to revoke the appellant's adult probation filed on February 22, 2012, when the record demonstrates that the appellant's probation was not transferred until an order to that effect was signed and entered on August 17, 2012." After T.A. filed his brief, the State requested a supplemental clerk's record containing the

trial court's order signed on November 5, 2010, transferring T.A.'s probation as of November 21, 2010. The supplemental clerk's record containing the trial court's order was subsequently filed in this court. T.A.'s second issue is moot.

### ADMONISHMENTS

In his first issue, T.A. contends the trial court committed fundamental error in failing to admonish him regarding the immigration consequences of his plea under article 26.13(a)(4) of the Texas Code of Criminal Procedure. "[I]n the context of revocation proceedings," however, "the legislature has not … required the court to … admonish the defendant pursuant to 26.13." *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003); *see also Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974) (holding article 26.13 admonishments "do not apply in revocation of probation proceedings); *Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.) (same). Accordingly, T.A.'s first issue is overruled.[1]

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

---

[1] We note that T.A. was not entitled to the article 26.13 admonishment when he entered his original plea as a juvenile. *See In re J.D.*, No. 04-12-00792-CV, 2013 WL 3486826, at *1 (Tex. App.—San Antonio July 10, 2013, no pet. h.). We also note that the clerk's record contains a determinate sentence report establishing that T.A. is a United States citizen. Even when a trial court is required to admonish a defendant regarding the immigration consequences of his plea under article 26.13, a failure to so admonish a defendant is harmless when the record reflects that the defendant is a United States citizen. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007); *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *In re J.D.*, 2013 WL 3486826, at *1.