

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00175-CR

_____

ODIS CLINT FARRAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323218

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Odis Clint Farrar pled guilty to the offense of burglary. Pursuant to a plea agreement, Farrar was sentenced to five years' imprisonment and was ordered to pay a $1,000.00 fine. However, his sentence was suspended, and he was placed on community supervision for five years. After Farrar admitted to using methamphetamine and marihuana, the State filed a motion to revoke his community supervision. Farrar pled true to the State's allegations, and the trial court revoked his community supervision and imposed the suspended sentence. The trial court also ordered Farrar to pay attorney fees for his court-appointed attorney's representation during the revocation proceedings.

On appeal, Farrar argues that the trial court erred in failing to admonish him as to the range of punishment he would face if his community supervision were revoked. Farrar also argues that the trial court "abused its discretion by not ordering [him] to undergo some form of rehabilitation or treatment for substance abuse." We find that Farrar's first point of error is meritless and that his second point is inadequately briefed. However, we find that the trial court erred in assessing attorney fees because (1) Farrar is indigent, and (2) there is no evidence that he had the ability to pay the attorney fees. Accordingly, we modify the trial court's judgment by deleting the assessment of revocation-related attorney fees against Farrar and affirm the trial court's judgment, as modified.

## I.      Farrar Was Properly Admonished As to the Range of Punishment

Farrar argues that the trial court erred in failing to admonish him as to the range of punishment he would face if he pled true to the State's allegations. Yet, the record contains written plea admonishments on the State's revocation motion, which warned Farrar that he would face a

2

maximum punishment of five years' imprisonment and imposition of a fine of up to $10,000.00 if he pled true to the State's allegations. Farrar acknowledged and signed these admonishments. We overrule Farrar's first point of error as meritless.[1]

## II. Farrar's Second Point of Error is Inadequately Briefed

In a conclusory manner, Farrar argues that the trial court abused its discretion in failing to require him to undergo some form of substance abuse treatment. Farrar has not cited to any case that supports his conclusory argument. Farrar's brief was required to contain appropriate citations to authority supporting his point of error. *Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000) (citing TEX. R. APP. P. 38.1). Since it did not, we find the brief inadequate. An inadequate brief presents nothing for our review. *Id.* We overrule Farrar's second point of error.

## III. Modification of the Judgment

This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529–30.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the

---

[1]Further, Farrar fails to cite any authority to support the proposition that a trial court is required to admonish a defendant on the range of punishment in a revocation proceeding. *See Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); *Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.).

costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2015). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Since there is no finding that Farrar is able to pay attorney fees, assessing them was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Consequently, we delete the assessment of attorney fees incurred by Farrar during the revocation proceedings.

## IV.    Conclusion

We modify the trial court's judgment by deleting the assessment of revocation-related attorney fees against Farrar. We affirm the trial court's judgment, as modified.


Ralph K. Burgess
Justice


Date Submitted:     March 29, 2016
Date Decided:       June 24, 2016

Do Not Publish