

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00014-CR

———————————————————

MARHINOTA KEJUAN FORD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1540587D

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. BACKGROUND

Appellant Marhinota Kejuan Ford pleaded guilty to aggravated robbery and was placed on six years of deferred-adjudication community supervision. The written plea admonishments informed him that, if he violated any condition of his community supervision, he would be entitled to an adjudication hearing, after which the trial court could adjudicate him guilty and assess his punishment "anywhere within the range provided by law." Further, the admonishments informed Ford that his charged offense was a first-degree felony which carried a penalty range of 5 to 99 years or life in prison and up to a $10,000 fine. Both Ford and his attorney signed the plea admonishments and Ford acknowledged with his signature that he fully understood the written admonishments and that he was aware of the consequences of his plea.[1]

While Ford was on community supervision, the State filed a petition to proceed to adjudication alleging that he had violated its terms. At the revocation hearing on the State's petition, Ford pleaded true to the allegations. The trial court, without admonishing Ford regarding the relevant range of punishment or consequences of pleading true, adjudicated him guilty and sentenced him to fifteen years' confinement. Ford filed a motion for new trial which was overruled by operation of law.

---

[1]Ford concedes that he was properly admonished when he pleaded guilty.

Ford raises one point on appeal: that the trial court erred when it failed to admonish him at the revocation hearing as to the range of punishment for the underlying offense and the consequences of pleading true to the allegations in the State's petition. Specifically, he contends that this failure violated both his due process rights as announced by the Supreme Court in *Boykin v. Alabama* and Article 26.13 of the Texas Code of Criminal Procedure. *See* 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969); Tex. Code Crim. Pro. Ann. art. 26.13(a).

We overrule Ford's point. The Texas Court of Criminal Appeals has made it abundantly clear that Article 26.13 does not require trial courts to admonish probationers as to the consequences of a plea to a motion to revoke or adjudicate guilt. *See Gutierrez v. State*, 108 S.W. 3d 304, 309 (Tex. Crim. App. 2003) (holding in revocation context that trial courts are not required to admonish defendants pursuant to Article 26.13); *Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974) ("We hold that admonishments provided for in Article 26.13 . . . do not apply in revocation of probation proceedings."). Relatedly, discussing *Boykin*, the Court of Criminal Appeals recognized that due process does not require a trial court to make Article 26.13 admonishments. *Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) ("*Boykin* clearly did not hold that due process requires the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment.").

Thus, neither due process nor Article 26.13 required the trial court to admonish Ford about the range of punishment or the consequences of pleading true at the

3

revocation hearing. And Ford does not point us to a statute or precedent that places upon a trial court such a duty. For these reasons, we overrule his sole point on appeal and affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 22, 2022

4